JONES, Appellant, *vs.* BRINKER, Respondent.

1. The allowances made to administrators in their annual and final settlements have the effect of judgments, and are conclusive between the parties at law; but may be set aside in equity upon a proper showing.
2. A party seeking equitable relief under the new system of practice must state facts which would have been a ground for such relief under the old system.
3. A statement that the administrator *illegally* procured allowances in his favor does not make out a case for equitable relief.

*Appeal from Washington Circuit Court.*

The case is sufficiently stated in the opinion of the court.
*Frissell & Perryman*, for appellant.
*C. Jones*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a suit brought by the plaintiff, Jones, against Fanny Brinker and John B. Brinker and others, upon the bond of said Brinkers and others, as administrators of the estate of Abram Brinker, deceased. The plaintiff alleges various breaches of the condition of the bond in his petition. The defendants demur to some of these breaches, and answer as to others. The court sustained the demurrer as to some of the breaches as-

signed; thereupon the plaintiff withdrew his petition and all other breaches except those demurred to, and to which the demurrer had been sustained; suffered judgment to be rendered against him and brings the case here by appeal. The breaches to which the demurrer had been sustained allege and charge that the administrators had obtained credit in their various settlements with the county court for *illegal* charges against the estate, amounting to $630 11; then specifies the settlements and the items of illegal charge.

1. The question arising here involves the effect of allowances made to administrators by the county court in their annual and final settlements. These allowances and settlements have the effect of judgments, and are considered as conclusive between the parties interested and concerned therein, at law. But it is allowed to a party interested, to file his bill in chancery against the administrator, charging him with having made false and fraudulent accounts, and having fraudulently procured allowances in his favor to be made to him by the county court. Such a proceeding is not based upon the administrator's bond; nor is it necessary to make his securities in the administration bond parties to it. The complainant attacks the settlements and allowances of the administrator, as having been procured by false and fraudulent means. Should he overhaul them, have them set aside for such fraud, and declared of no validity, then he may resort to his action on the bond of the administrator, without the fear of being met by such settlements, allowances and judgments.

2. Since we have now no chancery courts, and the distinction between courts of equity and courts of law has been abolished, the party seeking to falsify the allowances and accounts of the settlements of administrators, must, nevertheless, petition the circuit court, as a court of law and equity, for that purpose; and his petition must allege the same grounds now for the action and interference of the circuit court, as was formerly necessary to give the court of chancery jurisdiction.

3. It was never held that charging merely that the adminis-

trator had obtained *illegal* allowances in his favor, in his settlements made with the county court, was ground for applying to the chancery court to have such allowances set aside and vacated. He must charge that the allowances were procured by fraudulent and false means and pretences, unjustly, to the injury of the estate and parties interested.

In this case, the petition does not set forth and contain such facts as will authorize the court to set aside the allowances to the administrator. The demurrer was therefore properly sustained by the court below, and its judgment will be affirmed; the other judges concurring.