THE STATE, TO THE USE OF TOURVILLE, Appellant, v. ROLAND & LEHMAN, Respondents.

1. The settlements and allowances of the accounts of administrators, curators, and guardians, by the county or probate courts, are considered equivalent to judgments of a court of competent jurisdiction.
2. An action at law, therefore, can not be maintained on a guardian's bond for his failure to account for the rents and profits of real estate in his charge, where the record of his settlements before the county or probate court shows that he has duly accounted.
3. If the guardian has fraudulently procured allowances in his favor to be made by the county or probate court, these allowances should be first set aside in an equitable proceeding instituted for that purpose; an action upon the bond may then be sustained.

*Appeal from St. Louis Circuit Court.*

This was a suit to recover of defendants on account of a breach of the condition of a bond given by Roland as guardian of the relator, and Lehman as security.   The guardianship was alleged, and the breach assigned was the alleged failure of defendant (Roland) to rent out all the tenements and real estate of said relator, and his failure to account to the probate court or to the relator himself for certain rents alleged to be due relator for a portion of said premises occupied and enjoyed by said Roland.   The defendants, in their answer, allege that said Roland, with his own means, erected the dwelling on said premises ; that he was administrator of the estate of the relator's

father, from whom relator acquired title to said premises by descent, and that in his yearly accounts, as administrator and as guardian of the relator, he had fully accounted for the rents and profits, use and occupation of said real estate, &c.

Plaintiff introduced evidence tending to prove that the defendant (Roland) occupied the premises from January 20th, 1841, to January 20th, 1852 ; also the value of the yearly rents, and that said premises were owned by said relator and his brother, who acquired the same by descent from their father, Toussaint Tourville, deceased.

Defendant introduced evidence tending to prove his appointment as administrator of the estate of the father of said relator ; also his various settlements with the probate court from 1841 up to and including his final settlement in 1845, and also his various settlements, as guardian of the relator, up to and including his final settlement, as guardian, after his letters had been revoked in 1852 ; by which settlements it appeared that said Roland had charged himself with rents, and that on said final settlement in 1852, a balance was found by the court in his favor and against said relator. Said relator was a minor at the time of said settlement.

The relator offered to prove in rebuttal that there were improvements on the lot owned by the relator and his co-heir, other than the one occupied by said Roland, which were rented by said Roland ; and that the annual rents of such improvements equalled or exceeded the amount of rent charged by said Roland to himself in said accounts, and that said charges were not wholly or in part for said Roland's own use and occupation of the premises. This evidence the court excluded on the objection of defendants. The plaintiff duly excepted.

The court then gave the following instruction, on the motion of defendants : " If the jury believe from the evidence that the defendant was the administrator of Toussaint Tourville, deceased, then the records of the settlements of the defendant, as the administrator of T. Tourville, deceased, and the records of his settlements, as guardian of the relator in this case, are con-

clusive in this case upon the plaintiff, provided the relator inherited the real estate described in the petition from said T. Tourville, deceased; and if he so inherited, the jury should find for the defendant." The plaintiff duly excepted to the giving of this instruction, and submitted to a nonsuit, with leave to move to set the same aside, which motion having been made and overruled, the case is brought here by appeal.

*Knox & Kellogg*, for appellant.

*Krum & Harding*, for respondent, cited Caldwell v. Lockridge, 9 Mo. 358; Jones v. Brinker, 20 Mo. 87; Strong v. Wilkson, 14 Mo. 116.

RYLAND, Judge, delivered the opinion of the court.

This case comes fully within the principles of the decisions heretofore made by this court, in the cases of Oldham & Broadus v. Trimble, (15 Mo. Rep. 225,) and Jones v. Brinker (20 Mo. Rep. 87).

This suit is on a guardian's bond, against the principal and his security. The defence rests upon the allowances and settlements of the guardian, made by him in the Probate Court of St. Louis county. These settlements and allowances show that the guardian has fully accounted for all of the personal estate in his hands belonging to his ward, and also for rents of the real estate; and that the guardian has overpaid and has brought his ward in debt.

The ward being the relator in this action, sought to introduce evidence before the lower court tending to show that the guardian had not fully accounted for all the rents and profits; that is, sought to show mistake or omission or neglect in the guardian to charge himself with the use and occupation, for several years, of a dwelling belonging to the relator, the rent of which was worth one hundred and fifty dollars a year; the half of which rent, being between seven and eight hundred dollars, belonged rightfully to the relator. In other words, the relator offered to impeach in this action on the bond against the guar-

dian and his security, the justice and correctness of the allowances and settlements of the guardian, made by the Probate Court.

The lower court rejected this evidence, and instructed the jury that the settlements of the guardian of the relator were conclusive in this action.

This instruction is in accordance with the principles of the decisions of this court in the above cited cases. These settlements and allowances of administrators, curators and guardians are considered equivalent to judgments of a court of competent jurisdiction. They afford a defence to an action at law on the bond, and are considered as conclusive between the parties interested and concerned therein at law. But a party interested is allowed to file his bill or petition against the guardian, charging him with having made false and fraudulent accounts, and having fraudulently procured allowances in his favor to be made to him by the county or Probate Court. When these settlements and allowances are set aside for such fraudulent conduct on the part of the administrator or guardian, then a suit on the bond of such administrator or guardian can be prosecuted against principal and security, without being defeated by such settlements, allowances and judgments. In the case of Jones v. Brinker, this court said : " Since we have now no chancery courts, and the distinction between courts of law and courts of equity has been abolished, the party seeking to falsify the allowances and accounts of the settlements of administrators, must, nevertheless, petition the Circuit Court as a court of law and equity for that purpose ; and his petition must allege the same grounds now for the action and interference of the Circuit Court, as was formerly necessary to give the court of chancery jurisdiction." The party seeking to set aside the settlements and allowances in favor of his guardian, must charge that such allowances and settlements were procured by fraudulent and false means and pretences unjustly to the injury of the estate and parties interested.

The judgment, in this case, must be affirmed ; the other judges concurring.