MITCHELL, Respondent, WILLIAMS, Appellant.

1. An action on a guardian's bond must be brought in the name of the state.
2. In an action on a guardian's bond the settlements and allowances of the guardian in the probate court are conclusive upon the ward.
3. An equitable proceeding to set aside allowances of a probate court in favor of a guardian can only be sustained by proof that the allowances were fraudulently procured by such guardian.

## Appeal from Jefferson Circuit Court.

*Noell*, for appellant.

I. When county courts make allowances to guardians, these adjudications are conclusive unless attacked and set aside in a proper proceeding on the ground of fraud in obtaining them. No fraud was shown or found in this case. The statute of limitations also is a bar to the present proceedings. The cause of action, if any, accrued more than five years previous to the commencement of this suit. The finding is defective on this point. (Jones v. Brinker, 20 Mo. 87 ; 20 Mo. 530.)

*T. C. Johnson*, for respondent.

I. The facts are admitted to be correctly found; there was no motion of review as to them. (18 Mo. 201, 254; 17 Mo. 553.) The suit is not barred by the statute of limitations. It was in proof that the fraud was not discovered until six months before the bringing of the suit.

RICHARDSON, Judge, delivered the opinion of the court.

The petition states that the defendant was appointed in 1838 guardian of the person and property of the plaintiff, and executed a bond conditioned for the faithful discharge of his duty. It alleges that he did not faithfully perform the duties of his office, and proceeds to assign many breaches, which are chiefly that he fraudulently made false charges against the plaintiff, and fraudulently omitted to make proper charges against himself in his settlements with the county court. The defendant denied every allegation of fraud and insisted that his settlements were conclusive on the plaintiff. He also set up a settlement he had made with the plaintiff, and relied on the statute of limitations. The suit was commenced under the act of 1849, and the case being tried without a jury, the facts were found by the court, on which the judgment was rendered.

There is some doubt whether the action is on the bond, or whether it is a proceeding to set aside the allowances and settlements in the county court and to surcharge and falsify the defendant's accounts. If the suit is on the bond it can not be maintained, because it is not in the name of the state, (Sickles v. McManus, 26 Mo. 28,) and because in that form of action the settlements of the guardian are conclusive. (State, to use of Tourville, v. Roland, 23 Mo. 95.) But, treating it as of the nature of an equity proceeding to set aside the allowances and settlements in the county court on the ground that they were fraudulently procured, it would of course be necessary to establish by proof the charge of fraud in order to overcome the settlements which have the effect of

judgments. (Jones v. Brinker, 20 Mo. 87.) The court finds that the settlements were not correct; that the defendant obtained allowances which he was not entitled to, and that he ought to be charged with items omitted in his settlements; but it is not found that the allowances or settlements were procured by fraud, and for that reason the judgment must be reversed.

The facts are not sufficiently set out in the record for us to determine whether the action is barred by limitation. It does not appear when the guardian made his final settlement, nor when the plaintiff became of full age. But it may be remarked that there is nothing in Mr. Pipkin's testimony to establish the starting point for the running of the statute of limitations, for it is not seen that he made any discovery of fraud which the accounts in the clerk's office would not have disclosed to the plaintiff if he had taken the pains to examine them.

The other judges concurring, the judgment will be reversed and the cause remanded.