SULLIVAN COUNTY, Respondent, *v.* G. D. BURGESS, Appellant.

*Practice—Judgment—Equity.*—A settlement with a county court is equivalent to a judgment rendered by a court of competent jurisdiction, and will be set aside only when impeached for fraud, by a proceeding in the nature of a bill in equity.

*Appeal from Sullivan Circuit Court.*

*E. B. Ewing*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

In Jones v. Brinker, (20 Mo. 87,) this court said:—"Since we have no chancery courts, and the distinction between courts of law and courts of equity has been abolished, the party seeking to falsify the allowances and accounts of the settlements of administrators, must nevertheless petition the Circuit Court, as a court of law and equity, for that purpose; and his petition must allege the same grounds now for the action and interference of the Circuit Court, as was formerly necessary to give the courts of chancery jurisdiction." And in the State to use of Tourville v. Roland, (23 Mo. 98,) it was said, "the party seeking to set aside the settlements and allowances in favor of his guardian, must charge that such allowances and settlements were procured by fraudulent and false means and pretences, unjustly, to the injury of the estate and the parties interested."

A settlement with a county court is equivalent to a judgment rendered by a court of competent jurisdiction, and will only be set aside when impeached by a proceeding in the nature of a bill in equity, for fraud.

The petition in this case charges that the appellant, in his settlement with the county court, as treasurer, procured an allowance in his favor, through fraud and false pretences, for the sum of one thousand dollars. It then specifically sets forth the facts, and avers that the court, relying on his false and fraudulent representations, gave him the allowance, to the great injury of the county; that the representations were

false and fraudulent, and that he knew them to be so at the time they were made; and asked to have the settlement set aside.

There was a demurrer to this petition, which was overruled by the court.

The petition states facts sufficient to entitle the party to equitable relief, and we see no error in the action of the court in refusing to sustain the demurrer. There is no merit in the objection that there was a variance of parties in the different petitions. The cause was tried on the second amended petition; and as the appellant was the only party declared against in that petition, he was the only party to the suit, and the judgment was proper against him alone. As the appellant rested his cause on the demurrer, and made no application to file an answer, the judgment was properly rendered, and is affirmed.

Judge Holmes concurs; Judge Lovelace absent.