F. R. LEWIS, Plaintiff in Error, *vs.* M. F. WILLIAMS, ADMIN-
ISTRATOR OF GEORGE HENRY, deceased, Defendant in Error.

1. *Administrators—Final settlement—When set aside.*—A final settlement, made
by an administrator, has the force and effect of a judgment, and can only be
set aside or overcome on the ground that it was fraudulently procured; mere
illegal allowances, unless obtained by fraud, are no ground for impeaching or
setting it aside.

### Error to Washington Circuit Court.

*P. Pipkin,* for Plaintiff in Error.

I. In equity an administrator's settlements may be set aside
for fraud. It is not necessary that fraud in fact, should be
proven. It is sufficient if the act of the administrator oper-
ates in law to defraud. (Sto. Eq. Pl., § 187; Clyce vs. An-
derson, 49 Mo., 37.)

*Reynolds & Relfe,* for Defendant in Error.

I. No fraud whatever is shown, either actual or construc-
tive. Without that, plaintiff cannot recover. (Jones vs.
Brinker, 20 Mo., 87; Mitchell vs. Williams, 27 Mo., 399;
Picot vs. Bates, 47 Mo., 390; Clyce vs. Anderson, 49 Mo.,
37.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his suit against the defendant to falsify
and set aside the final and other settlements made by the de-
fendant as administrator of the estate of one Henry, deceased.
The charges in the petition were, that the administrator pro-
cured false and fraudulent allowances to be made in his favor
in his annual and final settlements; that he fraudulently and
wrongfully paid, out of the assets of the estate, debts allowed
in the fifth class, and left debts which were of the first class
unpaid, and that the estate was insolvent. Upon the trial no
evidence whatever was given of any actual fraudulent intent
or design upon the part of the administrator.

The case showed, that plaintiff had an allowance which
was placed in the first class of demands against the estate,
that the administrator paid a part of the demand, and that at
the final settlement the administrator was credited with two .

claims which were of the fifth class, and that the estate was insolvent, and that the plaintiff did not receive full payment on his claim. Upon this evidence the court gave judgment for the defendant.

A final settlement, made by an administrator, has the force and effect of a judgment, and can only be set aside or overcome on the ground that it was fraudulently procured. (Jones vs. Brinker, 20 Mo., 87; Mitchell vs. Williams, 27 Mo., 399; Picot vs. Bates, 47 Mo., 390; State vs. Rowland, 23 Mo., 95.) Mere illegal allowances, unless it be found that they were obtained by fraud, will be no ground for impeaching the judgment and setting it aside.

In the present case there was neither omission nor concealment. The court improperly allowed the defendant credits for payments in the fifth class, when the first class was not fully paid up. But this was a mere mistake of law, and does not appear to have been attended with any circumstances of fraud.

We do not understand the case of Clyce vs. Anderson, 49 Mo., 37, as in any way impairing or modifying the established doctrine in this State.

Under the peculiar circumstances of that case, it was considered, that the omission of the executor operated as a constructive fraud and would therefore justify the interference of this court. There is no such state of facts presented here.

We think the judgment should be affirmed. The other judges concur, except Judge Adams, who is absent.