<table>
<tr><td>62</td><td>417</td></tr>
<tr><td>39a</td><td>337</td></tr>
<tr><td>62</td><td>417</td></tr>
<tr><td>103</td><td>418</td></tr>
<tr><td>62</td><td>417</td></tr>
<tr><td>106</td><td>534</td></tr>
<tr><td>45a</td><td>357</td></tr>
<tr><td>62</td><td>417</td></tr>
<tr><td>123</td><td>570</td></tr>
<tr><td>58a</td><td>10</td></tr>
<tr><td>62</td><td>417</td></tr>
<tr><td>42a</td><td>38</td></tr>
<tr><td>62</td><td>417</td></tr>
<tr><td>72a</td><td>389</td></tr>
<tr><td>62</td><td>417</td></tr>
<tr><td>150</td><td>444</td></tr>
<tr><td>62</td><td>417</td></tr>
<tr><td>89a</td><td>116</td></tr>
<tr><td>62</td><td>417</td></tr>
<tr><td>101a</td><td>²114</td></tr>
</table>

## FRANK SHEETZ AND FLORA BELLE SHEETZ, Respondents, vs. ASA F. KIRTLEY, Appellant.

1. *Administration—Annual settlements of administrators, etc., nature of—Final settlements.*—Annual settlements of administrators, curators, etc., are mere exhibits, which are merged in final settlements, and when the final settlements are set aside, they are fully open to examination and correction for fraud without the necessity of asking to have them set aside.

2. *Administration—Final settlements of guardians—Probate courts, judgments of nature of-When set aside.*-Final judgments of the probate court stand on a footing of equality with final judgments of the circuit court with reference to annulling them for fraud, and final settlements of administrators, guardians, and curators, have the force and effect of judgments, and can only be set aside in equity when they have been fraudulently procured.

### *Appeal from Livingston Circuit Court.*

*Collier & Mansur,* for Appellant.

I. The final settlements of administrators and curators have the effect of judgments, and unless appealed from when

made in the probate court, are at law conclusive upon the parties interested. (Jones vs. Brinker, .20 Mo., 88 ; State vs. Rowland, 23 Mo., 98 ; Mitchell vs. Williams, 27 Mo., 400; Pierce, adm'r, vs. Bates, 47 Mo., 390.)

II. Such settlements (unless appealed from) can only be impeached and set aside in equity by a bill charging that they were falsely and fraudulently procured. (Sullivan Co. vs. Burgess, 37 Mo., 300; Linn vs. Williams, 54 Mo., 200; Jones vs. Brinker, 20 Mo., 88 : State vs. Rowland, 23 Mo., 98 ; Mitchell vs. Williams, 27 Mo., 400 ; Pierce, adm'r, vs. Bates 47 Mo., 390; Madden vs. Madden, 27 Mo., 546; Clyce vs. Anderson, 49 Mo., 43.)

*H. M. Pollard, with W. C. Samuel*, for Respondents.

Hough, Judge, delivered the opinion of the court.

On the 2nd day of February, 1857, the defendant was appointed curator of the estate of Flora Belle Rucker, who afterwards intermarried with the plaintiff, Frank Sheetz. Annual settlements were regularly made by the defendant as required by law, until the year, 1867, when he made a final settlement. The regularity of this final settlement is not questioned. The defendant, however, failed to account at his final settlement, and at previous annual settlements, for the full amount of the legal interest on the money in his hands. The object of the present proceedings was to set aside the final settlement, and all the annual settlements made by the defendant, and to compel him to account for ten per cent. interest, computed with annual rests, on all the money in his hands from the beginning of his curatorship ; and the petition alleged, that said defendant at all times received ten per cent. interest on the money of his ward, and that he failed to account for, but fraudulently retained and converted to his own use, the greater portion of said interest.

The defendant denied the foregoing allegations and averred that he had faithfully accounted for interest received by him, that he had never in any way used the money of his ward for his own benefit, and that for several years it was hazardous and

unsafe to loan money on any security that could be obtained, and, believing it to be for the best interest of his ward, kept the same intact in his own possession.

The circuit court set aside the final and the two preceding annual settlements, and charged the defendant with the sum of eleven hundred and forty-seven dollars and fifty-nine cents as due from, and unaccounted for by, him. on said settlements, and he has brought the case here by appeal.

It is wholly unnecessary in proceedings to surcharge and falsify the accounts of administrators, guardians or curators to ask to have the annual settlements set aside. They are not judgments but mere exhibits, which are merged in the final settlements; (Picot vs. Biddle's adm'r, 35 Mo., 29) and when the final settlement is set aside they are fully open to examination and correction, on account of any fraud committed in making them.

The only testimony, offered by the plaintiffs in support of their petition, was to the effect, that during the period for which the court charged the defendant with compound interest, and for several years prior thereto, money was in demand and loans could have been safely made. There was no attempt whatever to show that he had ever received any interest for which he had failed to account, or that he had himself used any portion of his ward's money, or that he was guilty of any fraudulent concealment of any matter, or of any false representations—in making or in procuring the approval by the probate court of his final settlement. The testimony, at most, only tended to show bare neglect, or an error of judgment as to the propriety of loaning the money; and this testimony, too, was not without contradiction. Was such testimony sufficient to warrant the court in setting aside the final settlement?

Conceding, for the sake of argument, that the evidence embodied in the record now before us, would, if it had been presented before the probate court when the final settlement was made, have furnished sufficient ground to that court for charging the defendant with the full amount of interest which the

plaintiffs now seek to recover, still it does not, by any means, follow that such evidence is sufficient to overthrow the judgment of·that court in a proceeding like the present.. The failure of the probate court to do its duty in the premises could undoubtedly have been remedied by an appeal from its judgment approving the final settlement. (Gen. Stat. 1865, ch. 116, § 50.)

But there is a broad distinction between the right to cor-. rect errors in a judgment on an appeal therefrom, and the right to annul for fraud a judgment unappealed from. · Final judgments of the probate court stand on a footing of equality, in this respect, with final judgments of the circuit court. It has been repeatedly held in this State that final settlements of administrators, guardians, and curators have the force and effect of judgments, and they can only be set aside in equity when they have been fraudulently procured. Mere illegal allowances, unless obtained by fraud, will furnish no sufficient ground for impeaching their validity.

In the case of Jones vs. Brinker (20 Mo., 87) it was said, "it was never held, that, charging merely that the administrator had obtained *illegal* allowances in his favor, in his settlements made with the county court, was ground for applying to the chancery court to have such allowances set aside and vacated. He must charge that the allowances were procured by fraudulent and false means and pretenses, unjustly, to the injury of the estate and the parties interested." It is unnecessary to add that such averments must be supported by evidence, or the relief sought will be denied.

In the State vs. Roland, 23 Mo., 95, it was said " these settlements and allowances of administrators, curators and guardians are considered equivalent to judgments of a court of competent jurisdiction," and the allegations, required to be made by the party seeking to set them aside, were stated in the language employed in Jones vs. Brinker.

In Mitchell vs. Williams, (27 Mo., 399) it was decided to be necessary to establish by proof the charge of fraud in order to overcome settlements which have the effect of judg-

Sheetz, et al. v. Kirtley.

ments. To the same effect are Sullivan Co. vs. Burgess, (37 Mo., 300,) Picot vs. Bates, (47 Mo., 390,) and Lewis vs. Williams (54 Mo., 200).

In Clyce vs. Anderson (49 Mo., 37) some general language was employed, which might, upon a hasty examination of that case, be viewed as not altogether in harmony with the opinions entertained and expressed by this court in the cases heretofore cited. A closer scrutiny however will reveal the fact that the language so employed referred to certain omissions, false charges, and concealments of the executor, which were in effect fraudulent. Those acts of the executor in that case, which, though of doubtful propriety, and more than doubtful legality, were had and done by him in good faith, and without any fraud, were, together with the allowances based thereon by the probate court, left undisturbed.

In laying down the rule to be deduced from the cases on this subject, we have used substantially the language of the court in Lewis vs. Williams (54 Mo., 200), and any relaxation thereof, for the purpose of meeting apparently hard cases, can only result in making our judgments partial and confused. Ample time is given by the statute for taking appeals from the final settlements of guardians and curators, and it is better that all concerned should understand that some solemnity and binding force attaches to such settlements, and that they cannot be overhauled years afterwards to the detriment of innocent parties merely on account of illegal allowances. Such settlements must stand unless tainted with fraud or reversed on appeal.

The judgment will be reversed and the cause remanded. Judges Napton and Sherwood concur; Judges Wagner and Vories absent.