In the Matter of the Judicial Settlement of the Account of WILLIAM S. P. PRENTICE and THERON G. STRONG, as Sole Surviving Executors and Trustees of the Will of JOHN H. PRENTICE, Deceased, Respondents; ANNA P. TERRY, Appellant.

APPEAL — FINAL ORDER ON INTERMEDIATE ACCOUNTING OF EXECUTORS. An order of the Appellate Division, affirming an order or decree of a Surrogate's Court settling an intermediate account of executors and awarding commissions thereon, in a proceeding for that purpose, and determining the rights of the parties to the proceeding to the extent that it actually adjudged them, is an order finally determining a special proceeding (Code Civ. Pro. § 190, subd. 1), and therefore appealable as of right to the Court of Appeals.

*Matter of Prentice,* 25 App. Div. 209, affirmed.

(Argued October 11, 1899; decided November 21, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 20, 1898, affirming a decree of the Surrogate's Court of the county of Kings, judicially settling an account of the respondents as executors and trustees.

The appeal below was heard in the first department, having been transferred from the second department.

Letters testamentary upon the estate of John H. Prentice, deceased, were issued in March, 1881. The accounting, upon which the surrogate's order or decree appealed from was made, was the third accounting of the executors. The proceeding therefor was instituted by their petition, filed May 4, 1895, and covered the period from April 1, 1893, to May 1, 1895. The decree settled and allowed the account, awarded the executors certain sums for their expenses, costs and commissions, and adjudged that the balance appearing on the summary statement after deducting the payments directed to be made, as well as all proceeds of assets remaining on hand and other realizations from the estate since May 1, 1895, would remain to be accounted for by the executors in proceedings to be thereafter had for that purpose.

*Edmund R. Terry* and *Eliphalet B. Terry* for appellant. The payments made to the executors, pursuant to the previous decree, out of the sums now claimed to be accounted for, were improperly allowed in this proceeding. (*Matter of Tilden*, 98 N. Y. 441; *Foote* v. *Lathrop*, 41 N. Y. 358; *Matter of Henderson*, 157 N. Y. 430; *Matter of Hawley*, 104 N. Y. 250; *Matter of Hawley*, 100 N. Y. 211; *O'Flynn* v. *Powers*, 136 N. Y. 419; *Matter of Albertson*, 113 N. Y. 439; *Bevan* v. *Cooper*, 72 N. Y. 327; Code Civ. Pro. § 2745; *Matter of Underhill*, 117 N. Y. 475.) The further sum of $45,609.07, awarded as executors' commissions by the decree now appealed from, was erroneously allowed. (*Manice* v. *Manice*, 43 N. Y. 363; *Lent* v. *Howard*, 89 N. Y. 177; *Betts* v. *Betts*, 4 Abb. [N. C.] 385; *Harper* v. *C. Nat. Bank*, 40 N. Y. Supp. 1084; *Matter of Tienken*, 131 N. Y. 408; *Wetmore* v. *Porter*, 92 N. Y. 76; *Gourley* v. *Campbell*, 66 N. Y. 172; *Scholle* v. *Scholle*, 113 N. Y. 273; *Read* v. *Williams*, 125 N. Y. 571; *Clift* v. *Moses*, 116 N. Y. 157.) In no event can treble commissions be awarded twice upon the

sum of $300,000 applied to the payment of mortgages. (*Beard*
v. *Beard*, 140 N. Y. 260.)   The surrogate has no jurisdiction
to settle the accounts embraced in this proceeding. (*Matter
of Tilden*, 5 Dem. 232; *Pray* v. *Hegeman*, 92 N. Y. 519;
*Barbour* v. *De Forest*, 95 N. Y. 13; *Barry* v. *Lambert*, 98
N. Y. 307; *Matter of Frazer*, 92 N. Y. 248; *Fulton* v.
*Whitney*, 66 N. Y. 557.)

*Theron G. Strong* for respondents.   The decree, not having
been appealed from, is conclusive. (*Matter of Denton* v. *San-
ford*, 103 N. Y. 607; *Matter of Willets*, 112 N. Y. 289.)
The commissions were computed according to law. (*Water*
v. *Faber*, 2 Dem. 290; *Matter of Willets*, 112 N. Y. 298;
*McAlpine* v. *Potter*, 126 N. Y. 291.)   None of the objec-
tions to the decree of December 14, 1896, have any merit.
(*Sayles* v. *Best*, 140 N. Y. 368; *Henderson* v. *Henderson*,
113 N. Y. 1; *Matteson* v. *Armstrong*, 11 Hun, 245; *Matter
of Curtiss*, 9 App. Div. 285; *Hope* v. *Brewer*, 136 N. Y.
126; *Fraser* v. *Trustees*, 124 N. Y. 479; *Fisher* v. *Banta*,
66 N. Y. 468; *Moncrief* v. *Ross*, 50 N. Y. 431; *Hatch* v.
*Bassett*, 52 N. Y. 359; *Lent* v. *Howard*, 89 N. Y. 169.)
There is no merit in the claim that commissions were erroue-
ously allowed upon the sum of $300,000 applied to the pay-
ment of mortgages. (*Beard* v. *Beard*, 140 N. Y. 260.)

*Per Curiam*.   We think that jurisdiction is given to this
court to review the order appealed from, under the provisions
of subdivision one of section 190 of the Code of Civil Pro-
cedure.   The proceeding, which the executors have instituted
for the purpose of a judicial settlement of their accounts, is a
special proceeding.   Section 2731 of the Code sufficiently
indicates that, if it were needed to find authority for the state-
ment.   The order, or decree, of the surrogate was final in its
nature; for it determined the rights of the parties to the pro-
ceeding, to the extent that it actually adjudged upon them.
(Code, section 2550.)   That the accounting may be an inter-
mediate one, in the sense that the estate is not now finally dis-

tributed, does not affect the final character of the decree. It terminated the proceeding, and, so far as it determined any question raised upon the accounting, it is conclusive upon the parties interested and who were cited, until reversed upon appeal. (Code, section 2742.)

The statutory provisions not only require this construction in our judgment, but to hold otherwise would be to highly embarrass the prompt and effective administration of the estates of deceased persons.

As to the merits of this appeal, we find no good or sufficient reason for disturbing the decision of the Appellate Division, in affirming the decree of the Surrogate's Court, and we think that the judgment appealed from should be affirmed upon the opinion delivered in the court below, with costs to the respondents.

All concur, except PARKER, Ch. J., BARTLETT and MARTIN, JJ., who dissent on the ground that the order is not appealable.

Order affirmed.