# Irvine's Estate (No. 2).

*Executors and administrators—Accounts—Supplemental accounts—Orphans' court practice.*

Executors and administrators will only be compelled to file supplemental accounts for matters occurring after the settlement of their final account. Where a supplemental account has been filed the exceptions to it must be confined to that which is contained in the account.

Where numerous accounts have been filed and numerous exceptions taken which have resulted in lengthy litigation, and a final decree has been entered discharging the executors, the court will not consider exceptions to a supplemental account as to items which were adjudicated in the former proceedings, or which might have been.

Argued May 2, 1904. Appeal, No. 247, Jan. T., 1903, by W. J. Knupp, Administrator c. t. a. of Guy C. Irvine, deceased, from decree of O. C. Warren Co., March T., 1902, No. 2, dis-

missing exceptions to account in estate of Guy C. Irvine, deceased.    Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Affirmed.

Exceptions to executor's supplemental account.
The opinion of the Supreme Court states the case.

*Error assigned* amongst others was in dismissing exceptions to account.

*W. W. Wilbur*, with him *James W. Wiggins* and *W. J. Knupp*, for appellant.

*John G. Johnson*, with him *S. S. Mehard, George A. Berry* and *D. I. Ball*, for appellees.—That the decree confirming the final administration is conclusive of all matters occurring prior thereto is conclusively settled by the authorities : Downing's Estate, 5 Watts, 90 ; Bunting's Appeal, 4 W. & S. 469 ; Bower's Appeal, 2 Pa. 432 ; Weiting v. Nissley, 6 Pa. 141 ; Chambers's Appeal, 11 Pa. 436 ; Shaffer's Appeal, 46 Pa. 131 ; Shindel's Appeal, 57 Pa. 43 ; Rhoads's Appeal, 39 Pa. 186 ; Huston v. Harrison, 168 Pa. 136.

OPINION BY MR. JUSTICE POTTER, May 23, 1904 :
As is stated by the learned judge of the orphans' court, this account relates wholly to transactions included in the period between the filing of the eighth and final account, and the discharge of the executors.    The principle is well established that administrators will only be compelled to file supplemental accounts, for matters occurring after the settlement of their final accounts.    And as a matter of course, the exceptions thereto should be confined to that which is contained in the account.    An attempt has, however, here been made to cover the entire period of the administration.    As is pointed out in the opinion of the court below, voluminous exceptions were filed to the seventh partial account, " and these, with those filed to the eighth and final account, were referred to an auditor, who took a vast amount of evidence, covering the time from the filing of the inventory and appraisement of the property of the estate to the filing of the final account.    The auditor

made his report to the court, which was heard on exceptions by the court and finally in the Supreme Court. A final decree has been entered and the balance found against the executors has been paid by them except one item, to which the Supreme Court has allowed a bill of review to be filed in this court, and the same is now pending." Surely there can be no justification for again attempting to traverse the ground so thoroughly gone over.

Some of the items, as to which inquiry is now sought to be made, were adjudicated in the former proceedings and we can see no reason why all of them might not have been. The widest opportunity was afforded to appellants, and the 1 1ost careful and searching investigation was made by the auditor, and his report was reviewed by the orphans' court and by this court under the 128 specifications of error there assigned. There must be some end to the litigation concerning this estate.

The assignments of error are entirely devoid of merit, and they are dismissed at the cost of the appellant. The decree of the orphans' court as it now stands is clearly justified by reason, and abundantly sustained by authority, and it is hereby affirmed.