[No. 8101. Department Two. October 9, 1909.]

JOHN T. WHEATMAN, *Appellant*, v. GEORGE T. KANE, *Respondent*.[1]

PLEADINGS—DEMURRER—DEFECTS CURED BY EVIDENCE. The objection that a petition does not state sufficient facts to support the findings, cannot be urged where no demurrer was interposed to the petition or objection made prior to the trial, and the evidence admitted cured any defect in the pleading.

FRAUDULENT CONVEYANCES—GOOD FAITH—EVIDENCE. The evidence is sufficient to support findings of the good faith of an assignment of proceeds of insurance policies to a debtor's brother, where it appears that he held a *bona fide* second mortgage upon the property destroyed by fire, of which the agent was informed when the policies were written, that his claim was recognized by the first mortgagee to whom the policies were payable as his interest might appear, and by the insurance companies before garnishment, and that the assignment and proofs of loss recognizing the same were made before the issuance of the writs of garnishment.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered November 25, 1908, upon findings in favor of the defendant, after a trial on the merits before the court in garnishment proceedings. Affirmed.

*H. E. Foster*, for appellant.
*Pemberton & Sather*, for respondent.

CROW, J.—In September, 1908, the plaintiff, John T. Wheatman, obtained a judgment for $425.26 against the de-

[1]Reported in 104 Pac. 258.

fendant D. D. Kane. Afterwards he prosecuted garnishment proceedings against two fire insurance companies, claiming they were indebted to D. D. Kane. The garnishee defendants answered, and paid into court the sums which they admitted to be due from them to D. D. Kane on two policies of insurance for losses by fire. In their answer they alleged that George T. Kane claimed the money. George T. Kane, who is a brother of D. D. Kane, filed a petition in which he alleged that he held the note of D. D. Kane, secured by a second chattel mortgage on property destroyed by the fire, the first mortgage being held by the Skagit State Bank; that the proceeds of the policies had been assigned to him by D. D. Kane, in satisfaction of his claim, and demanded that the same be paid to him after first satisfying the prior claim of the bank. The plaintiff denied the allegations of this petition, and insisted that George T. Kane held no valid claim against D. D. Kane, but that the pretended assignment, if it ever was made, was fraudulent and void. The trial court held the claim of George T. Kane to be valid, and ordered its payment. The plaintiff has appealed.

After pleading his note and mortgage, the respondent in his petition alleged:

"That after said property was destroyed by fire and after the adjustment of the loss by said insurance companies, the policies of the insurance companies and the proof of loss and the amount due said D. D. Kane over and above the amount due and payable to the Skagit State Bank were assigned to George T. Kane to satisfy the amount remaining due on the note and mortgage hereinbefore described."

Appellant, by his first assignment of error, contends that the trial court erred in admitting evidence tending to support the allegations of this petition, for the reason that it does not state facts sufficient to support findings in favor of the respondent George T. Kane. In support of this assignment, he contends that the petition is defective for the reason that it fails to allege that the assignment of the claims upon the policies, to George T. Kane, were filed with the garnishee in-

surance companies, or that they were made prior to the issuance and service of appellant's writ of garnishment. No demurrer appears to have been interposed by the appellant, nor did he otherwise plead to the petition at any time prior to the trial. The evidence introduced was amply sufficient to cure any defect now suggested by appellant, and the only question we can consider is whether the petition, aided by the evidence, is sufficient to support the final judgment. We find that it is sufficient, and the appellant's contention cannot be sustained.

The controlling issues in this case are issues of fact only. We do not deem it necessary to enter upon a detailed statement of the evidence, our conclusion being that by its clear preponderance it warrants the findings made, which in turn support the final judgment. It was made to appear that George T. Kane held a valid *bona fide* note against D. D. Kane secured by a second chattel mortgage on the property, which being insured was destroyed by fire; that the insurance policies were made payable to the Skagit State Bank as its interest might appear; that although they were not made payable to George T. Kane, second mortgagee, the agent of the insurance companies was informed, at the time the policies were written, that George T. Kane claimed an interest as mortgagee; that proofs of loss were made in which it was stated that the Skagit State Bank held a first mortgage lien and that the respondent George T. Kane held a second mortgage lien; that the proofs thus made were received and approved by the insurance companies; that immediately after the fire the respondent George T. Kane authorized an attorney in Bellingham to represent him and protect his interests arising out of his note and mortgage, and that D. D. Kane delivered the policies to the attorney as respondent's agent, with instructions to receive the amount due thereon and apply it to the satisfaction of the lien of George T. Kane, after the prior lien of the bank had been first paid. All of this was done, and the proofs of loss stating respondent's claim were made, prior to the issuance or service of appellant's writ of

garnishment. The insurance companies seem to have recognized the validity of respondent's claim, and in their answers called attention to the same, when they paid into court the losses due upon the policies. The evidence convinces us that the respondent was entitled to. the proceeds of the policies, after payment of the prior claim of the bank.

The judgment is affirmed.

RUDKIN, C. J., PARKER, DUNBAR, and MOUNT, JJ., concur.