[No. 9547.  Department One.  July 24, 1911.]

*In the Matter of the Estate of* GEORGE B. DOANE.[1]

EXECUTORS AND ADMINISTRATORS—FINAL ACCOUNT—ALLOWANCE OF COMPENSATION—EFFECT OF NOTICE—DECREE — FINALITY — VACATION. An order in probate upon the statutory published notice, settling the executor's final account and fixing the amount of his compensation at a sum in excess of the statutory allowance, is within the jurisdiction of the court, and if erroneous is reviewable on appeal as a final judgment; hence it cannot be vacated in the court below for error except upon a proper showing; and it is not sufficient that an applicant for the vacation of the decree alleges that she had no actual notice of the hearing for final settlement, where she had notice of the decree in ample time to have appealed therefrom (DUNBAR, C. J., and FULLERTON, J., dissenting).

Appeal from orders of the superior court for Spokane county, Hinkle, J., entered December 30, 1910, vacating a decree allowing an executor's fees and settling and approving his final account, after a hearing before the court. Reversed.

*Graves, Kizer & Graves*, for appellant.

*Tolman & King* for respondents.

PARKER, J.—By this appeal, John M. Bunn, executor of the estate of George B. Doane, deceased, seeks to have reversed certain orders of the superior court for Spokane county vacating the decree of that court settling his final

[1] Reported in 116 Pac. 847.

account, in so far as his compensation as executor was by that decree allowed, and fixing his compensation at a less sum.

In November, 1907, appellant was granted letters testamentary under the will of George B. Doane, deceased, by the superior court for Spokane county. Appellant proceeded with the administration of the estate, and on March 16, 1910, the affairs of the estate being ready for final settlement, he filed his final report and account as. executor, which, after setting forth a large number of items of receipts and expenditures, concluded as follows:

"Probable cost of closing said estate including ex-
     ecutor's fees .........................:.............$2,500.00
"Balance on hand to be distributed in cash......$2,552.49
     "Wherefore, your petitioner prays that the above account be approved."

The court thereafter rendered its decree settling this account and allowing compensation to appellant as executor as follows:

"The final account of John M. Bunn, executor of the estate of George B. Doane, deceased, herein rendered and presented on the 16th day of March, 1910, coming on regularly to be heard on this 5th day of April, 1910, and proof having been made to the satisfaction of the court that the clerk had given notice of the settlement of said account in the manner and for the time required by law, and heretofore directed by this court, and no objections being filed thereto, and it appearing that said account is correct; and it further appearing to the court that the sum of $2,500 is a reasonable amount to be allowed to the executor as his fee in the above entitled estate, and that the same shall also include his fee as administrator *de bonis non* with the will annexed of the estate of Fannie M. Doane, deceased, and also as attorney's fees for both the said estates of Fannie M. Doane, deceased, and George B. Doane, deceased;

"It is hereby ordered, adjudged and decreed: That the said final account of said executor be and the same is hereby allowed and approved and settled; and that said executor be allowed the sum of $2,500, as above stated, and is hereby

authorized to retain the same from the money on hand in said estate.

"Done in open court this 5th day of April, 1910."

In explanation of the reference in the decree to the estate of Fannie M. Doane, it may be noticed that it appears that Fannie M. Doane was the wife of George B. Doane; that she died before George B. Doane; that appellant was also administrator of her estate at the same time; that the whole of the estate of Fannie M. Doane descended to George B. Doane; and that the estate of Fannie M. Doane was apparently not formally finally settled as such. It is not suggested that there was any want of due statutory notice to all persons interested, of the time of the hearing upon which this decree of settlement was rendered. We must then proceed upon the theory that notice was given as therein recited. On May 2, 1910, Jeanette A. Doane, a resident of Massachusetts, a sister of deceased, a residuary legatee under his will, and the petitioner who thereafter sought and procured the vacation of the decree of settlement, signed a receipt under protest for property and money coming to her from the estate under the will, wherein it is recited in substance that the same was in full settlement of all the property and money so coming to her, which receipt was filed in the cause. On June 14, 1910, she filed in the cause her petition praying for the vacation of the decree settling the final account of appellant as executor, in so far as it allowed his compensation; that his compensation be reduced to the sum of $703.08; and that he be directed to return to the estate the balance of the $2,500 allowed him by that decree.

The substance of the facts alleged upon which she claimed the relief prayed for is that the total value of the estate was only $16,576.92; that no extraordinary service was required of or rendered by appellant in the administration of the estate; that he was lawfully entitled to no more than the statutory commission upon the value of the estate as his compensation, amounting only to the sum of $703.08; that all

of the $2,500 allowed appellant had been received by him, and "That your petitioner had no notice of the filing of said final report or of the time of hearing thereon, or of the allowance thereof, or of the fee claimed by him or allowed to him as aforesaid until April 12th, 1910." No other facts are alleged tending to show fraud on the part of appellant in procuring the decree of settlement, nor any excuse on the part of petitioner for not appearing at the hearing, nor any excuse for not appealing from the decree of settlement.

Appellant being cited to respond to this petition, demurred thereto for want of sufficient facts to warrant the vacation of the decree of settlement. This demurrer being overruled, he thereupon answered the petition, pleading the regularity of the rendering of the decree; that the same is a final adjudication of the matters sought to be again litigated by the petitioner; and that the allowance made to him as compensation by the decree is reasonable in amount. The matter then came on for hearing upon the issues thus raised. No evidence was offered in behalf of petitioner, and appellant, relying largely upon the former adjudication by the decree, offered but little evidence. This evidence indicates in a very general way his work in connection with the two estates, and also the payment to petitioner and other residuary legatees of the sums coming to them under the will. Upon this hearing the court vacated that portion of the decree allowing appellant's compensation as executor, but made no order fixing his compensation nor of distribution. Thereafter the petitioner and another residuary legatee under the will petitioned the court to fix the compensation of appellant as executor at $703.08, and direct the distribution of the balance of the $2,500 theretofore allowed to and retained by him to the residuary legatees under the will. To this petition appellant made substantially the same answer and defense as to the original petition to vacate the decree. These defenses being deemed insufficient by the court, without receiving further evidence, it made an order fixing the compensation of appellant as executor at the sum of

$703.08 and directing him to distribute to the residuary legatees the balance of the $2,500 theretofore allowed and retained by him. The trial court settled a statement of facts which purported to contain all of the material facts in connection with the vacating of the decree and the order of allowance and distribution made thereafter. This has enabled us to see what material facts were before the court, if any, other than appear in the petition to vacate the decree. We mention this to show that in determining the rights of the parties here we have to resort almost wholly to the facts stated in that petition. John M. Bunn has appealed from these orders, contending, in substance, that the decree of April 5, 1910, settling his final account and determining his compensation as executor, was a final adjudication upon those questions; that such decree was not subject to vacation upon the facts presented to the court by the petitioner; and that there are no facts here shown which entitle the petitioner to have that decree reviewed other than by appeal therefrom to this court.

A decree settling a final account of an executor or an administrator when rendered upon due statutory notice, as this decree was so rendered, has all of the force, effect and finality of any other final judgment rendered by a superior court. This is not only evident from the very nature of the statutory notice and precedure provided for and leading up to the rendition of such a decree, but seemingly for the purpose of removing all doubt upon the question and putting probate decrees of this nature upon the same firm basis as to their finality as all other final judgments are. Our statute has, since early territorial days, expressly provided that:

"The settlement of the account and the allowance thereof by the court, or upon appeal, shall be conclusive against all persons in any way interested in the estate, . . ." excepting certain persons under disability. Laws of 1854, p. 297, § 182, Rem. & Bal. Code, § 1566.

As a general proposition of law, this is not seriously con-

troverted by respondents; but they argue that the question
of appellant's compensation was not so involved in the issues
arising upon the final settlement as to render the decree final
upon that question as against them. They seem to rely
upon the allegations in the petition to vacate the decree, (1)
that the petitioner had no notice of the filing of the report
or of the hearing thereon; and (2) that the petitioner had no
notice of the fee claimed by appellant or allowed to him until
after the decree was rendered. As to the first, it means no
more than that she did not know of the time of the hearing, in
view of the conceded fact that legal notice of the hearing
was given. This notice made the respondents bound to know
such facts, in the absence of some legal excuse, which has not
been shown. The mere fact that they did not actually know,
is not sufficient excuse of itself for not appearing or appeal-
ing from the decree. They knew all the facts long before their
time for appeal expired. As to the second, while the final
account did not state exactly how much was going to be
claimed by appellant as his compensation, it clearly informed
all persons interested that compensation was going to be
claimed, and it seems apparent from the whole report and ac-
count that more than the mere statutory commission was
going to be claimed in the settlement. Indeed, it is apparent
from the report that the $2,500 was going to be claimed,
largely, if not wholly, as compensation by the appellant; for
other costs and expenses of the estate appear therefrom to
have been then practically all paid. Indeed, such proved to
be the fact, for none of the $2,500 was needed for any ex-
pense save for appellant's compensation.

Under our administration laws it seems clear that the fixing
of compensation of executors and administrators is a subject
for determination upon the settlement of the final account.
If so, the portion of the decree of settlement by which such
compensation is fixed must be a final adjudication upon that
as well as all other matters involved. It might well be argued
that the determination of that matter by the settlement de-

cree would be final even though the final account was silent thereon. That exact question, however, we need not now decide. There was in any event enough in this final account to bring that question before the court for determination in connection with its settlement. This court has held that the allowing of compensation of executors or administrators in the settlement of the final account is appealable upon the theory that it is a final adjudication as to such allowance. *Horton v. Barto,* 17 Wash. 675, 50 Pac. 587; *Wilbur v. Wilbur,* 17 Wash. 683, 50 Pac. 589.

Counsel for respondents argue that the allowance of the compensation in the decree of settlement being more than the statutory commission, such allowance was to that extent without the jurisdiction of the court. We think that if the compensation then allowed was legally excessive, its allowance was in any event no more than error, and was not void for want of jurisdiction.

In *Miller v. Major,* 67 Mo. 247, the court, having under consideration an alleged illegal allowance made to an executor in the final settlement of his account by the county court, said:

"The final settlement of the executor, which is sought to be impeached and overthrown by this proceeding, stands upon the footing of a final judgment, rendered by a court having jurisdiction of the person and subject-matter, and it cannot be vacated on the mere ground that an illegal allowance had been made in favor of the executor. To justify its vacation it is not sufficient to show that the allowance was not properly made, but it must further be established that it was procured by fraud, to the injury of the estate or some party interested. 20 Mo. 87; 23 Mo. 95; 27 Mo. 399; 37 Mo. 300; 47 Mo. 390; 54 Mo. 200; 62 Mo. 418. In the case last cited, Judge Hough, in his opinion, observes: 'Any relaxation of the rule for the purpose of meeting apparently hard cases, can only result in making our judgments partial and confused. Ample time is given by the statute for taking appeals from the final settlement of guardians and curators, and it is better that all concerned should understand that some solemnity

and binding force attaches to such settlements, and that they cannot be overhauled years afterwards, to the detriment of innocent parties, merely on account of illegal allowances. Such settlements must stand, unless tainted with fraud or reversed on appeal.' "

In *Mock v. Pleasants*, 34 Ark. 63, dealing with a similar situation, the court said:

"The complaint contains no averment that the allowances made to the administratrix upon her settlement were obtained by any misrepresentation or deception practiced upon the court. The facts, so far as anything to the contrary appears, were all before the court, and understood by it, and its decisions fairly made. Mere illegal allowances to an administrator are no grounds for impeaching or setting aside a settlement."

It does not appear from these decisions that the alleged illegal allowances were for compensation; but if such allowances in favor of the executor were in fact illegal, they would come as near raising jurisdictional questions as if allowance had been illegally made for compensation. One is as much the subject of the court's determination as the other. They both involve questions of law and fact, calling for the trial court's decision, and an erroneous decision thereon would not show want of jurisdiction.

The following cases support the holding of this court in *Horton v. Barto* above cited, to the effect that the allowance of the executor's compensation by the decree settling his final account is a final judgment upon that question: *Branson v. Branson*, 102 Mo. 613, 15. S. W. 74; *Ringgold v. Stone*, 20 Ark. 526; *Simonds v. Creswell*, 10 La. Ann. 318; *Thomas v. Frederick Co. School*, 9 G. & J. (Md.) 115; *Mount v. Slack*, 45 N. J. Eq. 129, 17 Atl. 297; *In re Prentice*, 25 App. Div. 209, 49 N. Y. Supp. 353.

Counsel for respondents make some contention that the settlement decree was in any event not final to the extent that the superior court could not set it aside at any time prior to to the final discharge of the executor. It is argued that the

court, until that time, has jurisdiction over the estate, and that until then the decree has only the effect of an interlocutory order.   This view would have some support if the decree were one other than a decree rendered upon a statutory notice and we had no statute declaring as to its finality.   Now a probate cause is not for all purposes one single case with no final judgment therein except that which is rendered at its conclusion.   There are certain proceedings in the progress of the administration of the estate which are within themselves, so far as determining the rights of parties involved therein, in a sense independent proceedings.   If this be not the correct view, then the notices provided by law for the hearings in such proceedings are to no purpose.   What object would there be in giving the notice of hearing in these various intermediate proceedings if the determination thereon was not to be final?

The court of appeals of New York, in the case of *Matter of Accountings, Executors of Tilden*, 98 N. Y. 434, having under consideration the question of the finality of the settlement of several successive accounts, said:

"It appeared that, upon the various accountings before the surrogate, each subsequent account was based upon the one preceding, and that the balance of assets found and adjudged to be in the hands of the executor by the prior decree was made the foundation of the next account.   It would thus appear that the validity of each previous account and decree, being unchallenged by any objection, was assumed and adjudged to be correct in each succeeding accounting and judgment.   The balance appearing by the third decree was upon the fourth accounting stated in the account as the just and true amount of the assets in the hands of the executors at the date of that decree; and any of the heirs or legatees · might have controverted that allegation if any reason existed why the decree fixing that amount was not binding upon him.   It follows that each successive decree instituted upon citations, duly issued and served upon the parties interested in the estate, whether adults or minors, and based upon proceedings regularly conducted, was binding and conclusive

upon each of such persons, as to the validity of any prior de-
cree which entered into and was made the basis of the subse-
quent accounting.    There can be no doubt that these various
decrees were binding upon all of the adult heirs and legatees
who were duly cited to appear. . . ."

The same court in affirming the case of *In re Prentice* above
cited, which had been determined by the supreme court of
that state, said:

"That the accounting may be an intermediate one, in the
sense that the estate is not now finally distributed, does not
affect the final character of the decree.    It terminated the
proceeding, and, so far as it determined any question raised
upon the accounting, it is conclusive upon the parties inter-
ested and who were cited until reversed upon appeal."

See, also, *In re Prentice*, 160 N. Y. 568, 55 N. E. 275.

The supreme court of Missouri in discussing a similar sit-
uation in *Branson v. Branson, supra,* said:

"The case was heard and judgment rendered on appeal in
the circuit court at its February term, 1887, but no motion
for new trial or bill of exceptions was filed at that time.    At
the following August term the defendants sought to have the
administrators charged with commissions which had been al-
lowed to them in the previous settlement, on the ground that
they had agreed to administer the estate free from charges
for their services, but the evidence was excluded.    The judg-
ment rendered by the circuit court at its February term
gave to the administrators the commissions which the de-
fendants now seek to have charged back.    That judgment is
final and conclusive.    It settles the right of the administrators
to have the commissions, so long as it remains in full force
and effect.    The evidence was therefore properly excluded.
No timely appeal was taken from that judgment, and the
judgment and proceedings in the circuit court leading to it
are not before us for review.    It is true the circuit court
made an order for the sale of the notes, accounts, and stock,
and directed the administrators to report to the next term
of that court, and then made an order like that made by the
probate court continuing the settlement to the next term for
final approval, but this continuance had reference to the fu-

ture orders which the court supposed it had a right to make and did not keep open the judgment then rendered."

See, also, *Rhodes' Appeal,* 39 Pa. St. 186; *In re Irvine's Estate,* 209 Pa. St. 325, 58 Atl. 618; *Summerlin v. Floyd,* 124 Ga. 980, 53 S. E. 452; 18 Cyc. 1190.

As opposed to this doctrine, counsel for respondents rely upon three decisions of this court. The first is *Hazelton v. Bogardus,* 8 Wash. 102, 35 Pac. 602. That case involved an attempt of heirs to quiet title to property descending to them from an ancestor, pending the administration of the estate. The court simply held that as the law then existed such a suit could not be maintained by heirs, and that since the estate had not been finally closed by a decree of distribution and discharge of the administrator, the court still had jurisdiction over the estate, notwithstanding the final account of the administrator had been settled. There is nothing in that decision indicating that the court regarded the matters adjudicated by that settlement other than final. The second is *State ex rel. Reser v. Superior Court,* 13 Wash. 25, 42 Pac. 630. In that case there was an attempt to have this court review by certiorari an order of the superior court setting aside a conditional order discharging an administrator upon his final accounting. This court declined to entertain the writ, saying:

"It appearing that the administrator has not been discharged, it follows that the court has jurisdiction of the proceedings, and could set aside its previous order. As to whether there were sufficient grounds to sustain such action would be a matter reviewable on appeal. Consequently, there was no ground for the issuance of a writ of certiorari to review the same. . . ."

The grounds upon which the superior court set aside the order do not appear. This court only held that the superior court had jurisdiction to do so. We are not holding in this case that the superior court has not jurisdiction to set aside a decree settling a final account upon a proper showing. Our

holding here is that the superior court in this case erroneously set aside the decree of settlement for want of sufficient showing. The third is *Shufeldt v. Hughes,* 55 Wash. 246, 104 Pac. 253, where this court said: "The vacation of the first decree of settlement was largely in the discretion of the court." A critical reading of that case will show that this language had reference to the conditions which the trial court attached to its order vacating the settlement decree. There does not seem to have been any controversy as to the court's jurisdiction to set aside the decree, or as to there being sufficient showing there made to warrant such an order. We are not able to see that the question we are here concerned with was either involved or decided in that case.

We find, then, that we have here a decree fixing the appellant's compensation, which is a final adjudication upon that question. Alleged errors which occurred in the rendition of that decree were sought to be reviewed in the superior court by moving its vacation instead of appealing therefrom. We have many times held that this cannot be done. The reasons therefor are fully stated in *Sound Inv. Co. v. Fairhaven Land Co.,* 45 Wash. 262, 88 Pac. 198, where our previous decisions are cited and reviewed. This doctrine was reaffirmed in the late case of the *State v. Tenney,* 63 Wash. 486, 115 Pac. 1080.

We are of the opinion that the respondents have not shown, either by petition or otherwise in the superior court, sufficient facts to entitle them to have the decree settling appellant's final account and allowing his compensation as executor vacated; or the adjudication thereby made reviewed in any manner except by appeal to this court. We conclude that the orders appealed from must be reversed and set aside. It is so ordered.

MOUNT and GOSE, JJ., concur.

DUNBAR, C. J., and FULLERTON, J., dissent.