[No. 28892. Department Two. January 22, 1943.]

*In the Matter of the Estate of* J. W. GODWIN, *Deceased.*
SEATTLE-FIRST NATIONAL BANK, *as Executor, Appellant,* v. DOROTHY H. QUINN *et al.,*
*Respondents.*[1]

*Byers, Westberg & James,* for appellant.

*Meier & Meagher* and *Adam Beeler,* for respondents.

[1] Reported in 133 P. (2d) 281.

BLAKE, J.—This is an appeal from an order dismissing a petition for the appointment of an administrator *de bonis non cum testamento annexo* of the estate of J. W. Godwin. The petition was filed by the Seattle-First National Bank, as executor of the last will and testament of Ella D. Godwin, deceased, who was the widow of J. W. Godwin.

Mrs. Godwin died in 1941. Mr. Godwin died in 1928, leaving a large community estate, which he disposed of by a nonintervention will. By the terms of the will, he made a few specific bequests and left the rest of the estate to his widow for life. At her death, he directed that the remainder be distributed to certain named nieces and nephews. Paragraph eight of the will, however, provided:

"It is further my will that in case of the death of any of my nieces or nephews without issue, before the death of myself, or the death of my wife, Ella D. Godwin, that the share of such niece or nephew shall be divided equally among those remaining of my nieces and nephews hereinabove named."

Ella D. Godwin was named executrix and was appointed such when the will was admitted to probate on August 10, 1928. She gave notice to creditors, and filed an inventory and supplemental inventory. The estate listed in both inventories was duly appraised and a decree of solvency was entered December 21, 1928. No claims were filed against the estate.

Pursuant to Rem. Rev. Stat., § 1462 [P. C. § 9967], the executrix invoked the further jurisdiction of the court by filing a final account and petition for distribution. Upon due notice, the account and petition came on for hearing, and, on July 20, 1929, the court entered a decree approving the account and distributing the estate. The property of the estate was distributed in

kind: one-half (her community interest) being set over to Mrs. Godwin absolutely, the other half being distributed to the nieces and nephews named in Godwin's will, subject to Mrs. Godwin's life interest and to three bequests of five hundred dollars, each payable upon her death, and

"ALSO subject to the bequests of said testator, for which it is liable, and subject to one-half of the costs and expenses of administration including executrix's and attorney's fees and to all of the state inheritance and federal estate taxes, . . ."

Except for the three five hundred dollar bequests referred to, Mrs. Godwin paid all the bequests provided for in the will—all but one before the decree of distribution was entered. She paid the expenses of administration and state inheritance taxes and Federal estate taxes. Some of these payments were made before and some after the decree was entered. The principal theory of appellant in petitioning for the appointment of an administrator *de bonis non* is that, by making these payments, Mrs. Godwin became a creditor of Godwin's estate; and that it, as her executor, is entitled to recoup one half of such expenditures from Godwin's estate.

It is no doubt true that an administrator or executor, upon settlement of an estate, is entitled to be reimbursed for advances made during the process of administration. But, under a decision of this court, an administrator or executor who voluntarily expends funds belonging to the estate to which he might have laid claim as life tenant, is not entitled to recoup. *Stahl v. Schwartz*, 81 Wash. 293, 142 Pac. 651.

In that case, the executor, who also had a life estate under his testatrix's will, paid the inheritance tax and certain debts out of income of the estate to which he

could have made claim as life tenant. The court held that his heirs could not question the validity of the payments, saying, pp. 300, 305:

"It does not follow that, because he could have taken for his own use one-half of the entire income, and his administrator's fees, he must do so. On the contrary, the income was his own to do with it as he pleased. He was at liberty to apply it on the debts and other obligations of his devisor if he so desired, and since the disposition made of it was voluntary on his part, and with knowledge of his rights in the matter, his heirs cannot lawfully question such disposition.

"The inheritance tax due the state of Washington on the death of Catherine E. Stahl, was paid by the executors of the estate from the income during the life of Frank E. Stahl. It is insisted that this sum should be now charged to the corpus of the estate. But this sum was paid out of the income by the executors voluntarily, during the life of Frank H. Stahl, when he with his coexecutor was entitled to the income. It cannot now be recovered by his successor to the income."

That Mrs. Godwin made the payments in question voluntarily and with knowledge of her rights, there can be no doubt. Upon appellant's own theory, it is immaterial whether the payments were made before or after the decree of distribution was entered, for it contends that the decree, in form and substance, was an interlocutory order. If so, the payments were made with funds belonging to the estate of J. W. Godwin. If the decree be deemed final, as contended by respondents, then appellant's case fails completely in so far as any claim against the estate of J. W. Godwin is concerned. *In re Ostlund's Estate,* 57 Wash. 359, 106 Pac. 1116; *In re Doane's Estate,* 64 Wash. 303, 116 Pac. 847; *Bremerton Creamery & Produce Co. v. Elliott,* 184 Wash. 80, 50 P. (2d) 48; *Bostock v. Brown,* 198 Wash. 288, 88 P. (2d) 445; *Golden v. McGill,* 3 Wn.

(2d) 708, 102 P. (2d) 219. If the decree was final, the payments made subsequent to its entry were in behalf of the remaindermen and not in behalf of the estate. Indeed, it is admitted that an action is pending between the petitioner, as executor of Mrs. Godwin's will, and the remaindermen of J. W. Godwin's estate in which that issue is involved.

█ Appellant also contends that it is necessary to appoint an administrator *de bonis non cum testamento annexo* of the estate of J. W. Godwin in order that the three five hundred dollar bequests, to which we have referred, may be paid, and that the remaindermen may be definitely determined. We think this contention is without merit. The decree entered July 20, 1929, is quite definite enough for the executor of Mrs. Godwin's estate to determine, without resort to any further proceedings in the estate of J. W. Godwin, to whom the specific bequests should be paid and to whom, as remaindermen, the estate should be distributed.

It also appears that all persons entitled to share in the J. W. Godwin estate are here objecting to the appointment of an administrator. In fact, prior to the filing of the petition for the appointment of an administrator *cum testamento annexo,* they filed claims in the Ella D. Godwin estate, demanding distribution of the J. W. Godwin estate. The petitioner here, as executor ,of Ella D. Godwin's will, rejected the claims; whereupon, the action referred to above was brought by the remaindermen. If petitioner, as executor of the will of Ella D. Godwin, has any doubt as to whom the estate of J. W. Godwin should be distributed, it can be resolved in that action.

In conclusion, it may be noted that one of the remaindermen has died pending this appeal. A motion has been made in this court for the substitution of the

administrator of his estate. The motion is granted; and the order appealed from is affirmed.

SIMPSON, C. J., BEALS, STEINERT, and ROBINSON, JJ., concur.

March 9, 1943. Petition for rehearing denied.