[No. 638. Decided January 18, 1893.]

STANLEY P. TOMPSON, *Trustee, Appellant,* v. THE HURON LUMBER COMPANY, *Defendant,* AND F. A. ALEXANDER, *Receiver, Respondent.*

APPEAL — SETTLEMENT OF STATEMENT — NOTICE — CERTIFICATE — APPEALABLE ORDER — COMPENSATION OF RECEIVER — HOW REGULATED.

Notice given on May 20th for the settlement of a statement of facts on May 31st is a full ten days' notice, as, under statutory provision, the first day is excluded and the last day included in computing the time; and the fact that a legal holiday intervenes within the period of notice will not extend the time.

It is not necessary to serve a receiver appointed in an action with notice of an application to settle a statement of facts.

The certificate that the statement in a cause of equitable cognizance contains all the material facts, is sufficient without alleging that it contains the exceptions taken to the reception or rejection of testimony, when it does not appear that any material matter has been omitted from the statement.

An order made with reference to the compensation of a receiver, although a proceeding in a pending action, is a distinct proceeding in itself, and, in so far as the amount allowed is involved, is a final order from which an appeal will lie. (HOYT, J., dissents.)

Although the matter of allowing compensation to receivers rests largely in the discretion of the court making the appointment, yet such orders are generally held to be appealable.

In arriving at the compensation to be paid a receiver, the responsibilities assumed, and the skill and labor expended, should be taken into consideration, and the remuneration fixed upon the prices usually paid for similar services, in view of the facts of each case, as no positive rule can be laid down to govern the matter; and the rule as to compensation of administrators should only govern in analogous cases.

*Appeal from Superior Court, King County.*

*John P. Gale, John P. Fay, C. H. Gest,* and *J. Park Henderson,* for appellant.

*Preston, Albertson & Donworth,* for respondent.

The opinion of the court was delivered by

SCOTT, J.— In January, 1891, the respondent, Alexander, was appointed receiver of all the property of the Huron Lumber Company, in an action in which appellant was plaintiff, and the Huron Lumber Company defendant. Respondent qualified and entered upon his duties as such receiver, and has continued in the exercise thereof. In January, 1892, he petitioned the superior court of King county to settle and determine his compensation for services rendered up to that time. A referee was appointed by the court for the purpose of taking testimony and finding therefrom the compensation to be paid, and reporting

his findings of fact and conclusions of law to the court. In accordance therewith testimony was taken, and findings made and reported; to which appellant excepted. The exceptions were overruled, and judgment entered in favor of the respondent for the amount found to be just compensation. It was fixed at the rate of four hundred and fifty dollars a month for the first month, four hundred dollars a month for the next five months, and three hundred dollars a month thereafter to the time of the referee's report.

The respondent moves to strike the statement of facts upon the following grounds: *First:* Because the notice of the application to settle the statement was made returnable in a shorter time than that prescribed by the statute, the notice having been served on May 20, 1892, and the time specified for the hearing being on May 31st. Respondent claims that he was not allowed ten days, as the tenth day, May 30, 1892, was a legal holiday, and that he should have been allowed all of the 31st, and that the statement of facts could not be legally certified until June 1st. *Second:* Because no notice was given to the receiver of the application to settle said statement, the notice served being addressed to the parties to the action, and not to the receiver. *Third:* Because the judge's certificate does not state that the statement contains all the material facts in the cause. The certificate says it contains all the material· facts in the proceeding to determine the compensation of the receiver. *Fourth:* Because the purported statement of facts does not contain all matters required by the statute in causes of equitable cognizance, and that it does not contain or purport to contain the exceptions taken to the reception or rejection of testimony.

As to the first objection, we are of the opinion that the notice was sufficient. The statute provides that the time shall be computed by excluding the first and including the

34—5 WASH.

last day, and that if the last day is a holiday, then this is also excluded. This would allow ten full days, excluding May 30th.

The fact that the notice was entitled in the original action seems to us unimportant. Respondent's attorneys were served, and it also appears that they joined without objection in certain stipulations entered into in connection with the statement of facts before and after the settlement of the statement. There was in reality no cause pending in the court to which the receiver was a party. The matter to be determined — the amount of his compensation — was a proceeding in the original action.

The third ground is embraced in a subsequent motion, wherein respondent moves to dismiss the appeal, and will be discussed there.

As to the fourth ground, the certificate that the statement contains all the material facts in a cause is sufficient when it does not appear that any material matter has been omitted from the statement.

The motion to dismiss the appeal is based upon the ground that this court has no jurisdiction of the matter appealed from, because the order fixing the compensation of the receiver in said action is not a final judgment, order or decree from which an appeal lies to this court, and because the fixing of the compensation of the receiver is a matter entirely within the discretion of the court by which he was appointed. While this is a proceeding in the original action, yet we are of the opinion that it is a distinct proceeding in itself, and that the order made with reference to the compensation of the receiver is a final one in so far as the amount allowed is involved. This precise point was decided in the case of *Trustees v. Greenough*, 105 U. S. 527, in which such an allowance was held a final determination of a particular matter, and though it was incidental to the

cause, that the enquiry was a collateral one, having a distinct and independent character, and was held to be appealable.   It seems to us that such a practice would better subserve the interests of both parties.   There is nothing to be gained in postponing the matter until the original action is finally determined, and then requiring an appeal of the whole cause, which would involve the bringing up of all of the testimony and proceedings, perhaps, to determine the simple question of the compensation of the receiver.   If this practice were to obtain, the receiver should not be allowed anything prior to the determination of his receivership, and the disposition and settlement of the estate coming into his hands.   But as the original cause may remain in court for a long time, and the services of the receiver may be required during its pendency, it seems to us but just that the court may make an order during the pendency of the proceedings authorizing the payment of a sum to the receiver for services rendered in whole or in part.

As to the further question, such allowances in the absence of statutory regulations have usually been treated as resting largely in the discretion of the court making the appointment, in the sense that great weight is attached to the findings of the appointing court, but they have generally been held appealable.   Beach on Receivers, § 774.

The motions are denied.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J. (*dissenting*).— I dissent.   I think the order purely interlocutory and in no sense final.   Under the above ruling a receiver could present weekly or daily accounts and the action of the court in passing upon any or all of them be reviewed here.   Besides, the receiver may so badly manage the business as to be entitled to no pay, and as to such management no proper decision can be had until his final accounting.

### ON THE MERITS.

The only remaining question is, whether the allowance was a just and reasonable one. It seems the business occupied the entire time of the respondent, and that it was somewhat complicated, and required the services of a fairly competent man. It involved the settlement and collection of accounts, the operating of a sawmill for two or three months, and the selling of a quantity of lumber, and a stock of merchandise, contained in a store previously conducted by the company; also looking after certain litigation. The respondent gave a bond in the sum of twenty-five thousand dollars, and no claim is made here that his duties were not well and faithfully discharged.

The appellant claims that the compensation allowed was excessive, and contends that as there is no statute fixing the compensation of receivers, the allowance should be made upon the basis of the compensation which the statute fixes for executors and administrators. But we do not think that such should be the rule, except, perhaps, in instances where the services rendered by the receiver are analogous to those rendered by executors and administrators; in such cases it would be proper for the court to be governed to some extent by the compensation allowed to administrators and executors.

In arriving at the compensation to be paid the respondent, the responsibilities assumed and the skill and labor expended should be taken into consideration, and the remuneration fixed upon the prices usually paid for similar services. The compensation should be fair, in view of the facts of each case, and no positive rule can be laid down to govern in arriving at its determination.

Under the circumstances of this case, however, after an examination of all the testimony, we are of the opinion that the amount allowed in this case is excessive. Although

the position was a responsible one, and required careful and able management, yet, when considered with reference to prices that had been paid theretofore for carrying on the business, and the prices paid for similar work, we think the sum should be reduced to an average of three hundred dollars a month for the time the receiver had served, up to the time of such hearing. This amount is larger than we would have originally found, and in placing it at this figure we have done so somewhat in deference to the findings of the lower court in the premises.

The judgment is reversed, and the matter is remanded to the superior court with instructions to proceed in accordance with this opinion.

DUNBAR, C. J., and HOYT and ANDERS, JJ., concur.

STILES, J. — I concur in the decision reducing the compensation of the receiver, but do not wish to be understood as yielding my sanction to the payment of receivers of insolvents' estates by a monthly compensation. They should be allowed a gross sum commensurate with the services, whether the time employed be long or short. Monthly allowances will necessarily tend to make receivers drag out the management of the estate entrusted to them for the sake of the money each month will bring to them, thus defeating the purpose of their employment and delaying creditors in the receipt of the pittance which may be left.