| 7  | 421 |
| 36 | 261 |

[No. 1057. Decided December 21, 1893.]

*In the Matter of the Guardianship of the Infant Heirs of Ellen K. Hill, Deceased:* EBEN SMITH, *Guardian, Appellant.*

APPEAL — FINAL ORDER — INTEREST OF APPELLANT — STRIKING
SUPPLEMENTAL STATEMENT — BRIEFS.

An order requiring a guardian to pay over to a ward, who had become of age, her proportion of certain moneys alleged to be in his hands as such guardian, and to account to those of his wards who had not become of age, is a final and appealable order.

Where an order of court by its express terms directs a guardian to make payment to wards, regardless of the question as to whether or not there were sufficient funds in his hands belonging to the estate of his wards, and adjudges that he personally shall pay the costs, he has sufficient interest in the subject matter of the order to authorize him to appeal therefrom.

Where a statement of facts had been properly settled after due opportunity had been given to respondents to propose amendments thereto, and they had proposed none, although the settlement had

been several times continued by the court for the purpose of allowing them so to do, the subsequent settlement of a supplemental statement at the instance of respondents is irregular, and such statement should be stricken from the record.

Where no substantial rights have been prejudiced by the delay in filing briefs, they will not be ordered stricken because not filed within the prescribed time.

*Appeal from Superior Court, King County.*

Opinion on motions to dismiss appeal and strike portions of the record.

*Thomas J. Littell,* and *Hughes, Hastings & Stedman,* for appellant.

*Hays & Humphrey,* and *A. W. Hastie,* for respondents.

The opinion of the court was delivered by

HOYT, J.—Respondents move to dismiss the appeal herein for the reasons—(1) "That the appellant as guardian has no individual or beneficial interest in the subject matter of the appeal;" (2) "because the order appealed from is not a final or appealable order as in contemplation of law required."

The order appealed from was absolute and final, in that it required the guardian to pay over to one of those for whom he had been guardian, who had become of age, her proportion of certain moneys alleged to be in his hands as such guardian, and to account to those of his wards who had not become of age for their proportion thereof. In our opinion, it was a final order in the proceeding within the meaning of our statute regulating appeals.

The order, by its express terms, directed the appellant to make payment regardless of the question as to whether or not there were sufficient funds in his hands belonging to the estate of his wards, and adjudged that he personally should pay the costs. Such being the requirements of the order, the appellant had such an interest therein as would

authorize him to appeal therefrom.    The motion must be denied.

There was presented, at the same time, a motion on the part of the appellant to strike from the transcript a certain part thereof, purporting to be a supplemental statement of facts, for the reason that under the circumstances of the case the court below had no jurisdiction to settle and certify the same.    It appears from the transcript, or from facts made to appear by affidavit, that the original statement was properly settled after due opportunity had been given to the respondents to propose amendments thereto, if any they had; that they had neglected to propose any amendments, although the settlement of such statement had been several times continued by the court for the purpose of allowing them so to do.    Under these circumstances we think that the proceeding on the part of the respondents which led to the settlement of the supplemental statement by the court was irregular, and that such statement is no part of a proper transcript of the record.    The motion to strike it must be granted.

Appellant further moves to strike the brief of the respondents, but without passing upon the question as to whether or not the order of the court below extending the time in which the respondents might file their briefs should be given force, we shall deny the motion for the reason that no substantial rights have been prejudiced by the delay.

DUNBAR, C. J., and STILES and SCOTT, JJ., concur.

ANDERS, J., not sitting.