[No. 1858.    Decided July 30, 1895.]

JOHN B. SLATER, *Trustee, Appellant,* v. STEVENS COUNTY
BANK *et al., Respondents.*

APPEALABLE ORDERS — FIXING COMPENSATION OF ASSIGNEE — DEDUC-
TION OF DEBT TO TRUST ESTATE.

An order fixing the amount of compensation of an assignee is ap-
pealable, irrespective of the disposition of the main cause in which
it is involved.

The objection that there were not sufficient exceptions taken to
the report of a referee to entitle the court to pass thereon can not be
first raised on appeal.

The amount allowed the assignee of a bank as compensation for
services can not be reduced by the amount of his indebtedness on a
note to the bank, when he claims a defense thereto, until he has had
a hearing on the question of his liability thereon.

*Appeal from Superior Court, Stevens County.*

*Turner, Graves & McKinstry,* for appellant.

*William J. Galbraith,* and *H. G. Kirkpatrick,* for re-
spondents.

The opinion of the court was delivered by

SCOTT, J.— The appeal in this case involves the
right to, and  amount of  compensation to the appel-
lant for his services as assignee of the Stevens county
bank.    The respondents move to  dismiss the appeal
on the ground that this court has no jurisdiction, the
matter of the compensation of the assignee being in-
volved in and a part of the main cause, and  therefore
not separately appealable.    This point was decided by
the court contrary to respondents' contention in *Tomp-
son v. Huron Lumber Co.,* 5  Wash. 527 (32 Pac. 536).
The motion is denied.

On the application of appellant for compensation for his services, the court appointed a referee to take testimony and make findings with reference thereto. A hearing was had, and the referee found that he was entitled to $2,500 as compensation. An order was made reopening the matter for the purpose of taking further testimony, and upon the taking of such testimony, the referee found that appellant was entitled to not less than $2,000. Exceptions were taken to this report, and upon a hearing before the court the material findings of the referee were in part reversed, and the remainder modified, and the court found that a certain note for $500 and interest, executed to the bank by appellant and one other party, was sufficient compensation for his services, and this appeal was prosecuted from such decision. It is contended by appellant that there were no sufficient exceptions taken by the respondents to the report of the referee to entitle the lower court to pass upon the same, but it does not appear that any objection was made upon this ground at the hearing, and for this reason the point is not available here.

This leaves to be determined only a question of fact, and has involved a consideration of all the testimony and the various findings of the referee and court thereon. After reading and considering the same, we are not satisfied with the conclusion reached in either instance. A good deal of testimony was introduced, *pro* and *con*, as to the value of such services, and it was contended on the part of respondents that appellant had been so negligent in attending to the duties of his trust that he should not be allowed any compensation. The referee found that he had not been negligent and the court in effect found that he had been grossly negligent. We are inclined to think

that appellant had not given that attention to his duties which the crediters of the concern had a right to demand, and this should be taken into consideration in fixing his campensation. It would serve no good purpose to set forth the various contentions, and the testimony bearing thereon necessary to a complete understanding of the matter, in detail. We do not think it appears that appellant was culpably negligent in the premises. If he was, of course, he should not be allowed any compensation. We are also of the opinion that $1,250, one-half of the original sum fixed by the referee, should be allowed him.

It is further claimed by appellant that he had a defense to the note in question, and it does not appear that he had any opportunity to try the question as to his liability thereon. Such being the case, the note should not be deducted from the amount allowed him without a hearing, and the cause is remanded for the purpose of permitting the respective parties to form an issue as to this matter and have the same tried and determined, if the appellant shall so elect, and whatever amount he is called upon to pay thereon may be deducted from the $1,250 allowed him as compensation and payment thereof may be withheld until the matter of his liability on said note is disposed of.

Reversed and remanded accordingly.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.