[No. 14519.  Department One.  April 25, 1918.]

# E. E. COLKETT, *as Receiver, etc., et al., Appellants,* v. A. W. HAMMOND, *Respondent.*[1]

RECEIVERS—ACCOUNTING—EX PARTE ORDERS—VALIDITY.  *Ex parte* orders, allowing fees and compensation to the receiver of an insolvent corporation and to his attorneys, and approving his final account upon tendering his resignation, entered without notice to any one but the receiver and his attorneys, are void.

APPEAL—DECISION—EX PARTE ORDERS—REMAND FOR FURTHER PROCEEDINGS.  Upon reversing void orders allowing compensation to a receiver and his attorneys because made *ex parte*, the supreme court cannot determine the merits, but must remand the case for a hearing upon notice to the parties interested.

COSTS—ON APPEAL—UNNECESSARY RECORD.  Where appellant brings up an unnecessarily voluminous record, he will be allowed costs for only a reasonable portion thereof.

Appeal from orders of the superior court for Pacific county, Edward H. Wright, J., entered January 6, 1917, approving the final account of a receiver and fixing his compensation and that of his attorneys.  Reversed.

*Robert G. Chambers* and *Martin C. Welsh,* for appellants.

*S. M. Lockerby* and *F. D. Couden,* for respondent.

PARKER, J.—The Raymond Trust Company having become insolvent, the *Attorney General* commenced an action in the name of the state, in the superior court for Pacific county, which resulted in an order of that court being entered on October 6, 1914, appointing A. W. Hammond receiver of the company to take charge of its property and wind up its affairs.  Hammond promptly qualified by taking his oath of office and giving bond as required by the order of appoint-

[1]Reported in 172 Pac. 548.

ment, and entered upon the discharge of his duties, continuing to administer the trust until January 6, 1917. What occurred in the receivership during that period is a long story which does not need to be told in detail here. It is sufficient for our present purposes to say that several reports were filed in court by Hammond, as receiver, and orders made by the court approving expenses incurred by and payments made to the receiver himself towards his compensation for services as such. These orders, in so far as they relate to the compensation of Hammond and his attorneys, were all made *ex parte* without notice to any of the other interested parties.

On January 6, 1917, Hammond tendered to the court his resignation as receiver, filing therewith an account of his doings as receiver up to that date. Without notice to, or opportunity given to any one interested, other than Hammond and his attorneys, to be heard thereon, the court entered orders purporting to finally approve this account; purporting to finally determine the amount of Hammond's compensation as receiver; purporting to finally determine the amount of compensation of his attorneys rendering services in the receivership; and accepting the resignation of Hammond as receiver. It so happened that the term of office of the presiding judge of the superior court for Pacific county expired very soon after the entering of these orders, when his newly elected successor became the duly qualified and acting judge of that court. Thereafter, on January 9, 1917, the new judge presiding, the court appointed E. E. Colkett as receiver to succeed Hammond. Thereafter Colkett promptly qualified as such, and has ever since been the duly qualified and acting receiver of the company, in charge of its property and affairs. On January 20, 1917, on appli-

cation of Colkett, as receiver, an order was entered by the superior court permitting him, as receiver, to appeal from all of the *ex parte* orders above noticed entered by the court on January 6, 1917, other than the order accepting the resignation of Hammond as receiver, and thereafter Colkett, as receiver, duly appealed to this court from each of those orders.

It is contended in appellant's behalf, in substance, that the orders appealed from, purporting to be final orders approving Hammond's final account as receiver, determining his compensation as receiver and that of his attorneys, are void and should be set aside because entered *ex parte* and without notice to any one interested, other than the receiver and his attorneys. We see no escape from sustaining this contention.

In the early case of *Tompson v. Huron Lumber Co.*, 5 Wash. 527, 32 Pac. 536, it was held that the determination of a receiver's compensation up to a given date, though the trust was then only partially administered, when such determination was made upon notice to those interested, became final and appeal would lie therefrom as from any other judgment. This holding suggests the thought that no *ex parte* order, interlocutory or final in form, allowing a receiver compensation, in whole or in part, would be final or conclusive upon those interested in the trust property as creditors or distributees. These orders not only purport to be final determinations of the compensation of Hammond as receiver and his attorneys and a final approval of his account, but it was an appropriate time for the final determination of all those questions, since Hammond had resigned as receiver. It is apparent, therefore, that these orders were intended to be final determinations of those questions and were not made as mere interlocutory orders subject to review upon a future final hearing of those questions. The one

thing which, in any event, calls for a reversal and setting aside of these orders is that they were entered *ex parte* and without notice to those interested. In *In re Sullivan's Estate*, 36 Wash. 217, 78 Pac. 945, wherein orders had been made by the superior court making partial allowance towards compensation of an administrator, but without notice, Judge Hadley, speaking for the court, said in part:

"It is the position of the applicants that the orders are void, as having been made without jurisdiction, for the reason that they were made entirely *ex parte* and without notice of any kind to persons interested as distributees of the estate. The principle involved seems to be so fundamental that citation of authorities is unnecessary. Indeed, the principle is not controverted by the respondents, but they assert that the orders are merely interlocutory, and are neither conclusive nor binding against the right of the distributees to be heard upon final settlement of the estate. The orders are, however, entered in the form of solemn judgments of the court. They show that testimony was heard; that the court made findings that the amounts were reasonable, and unqualifiedly commanded their payment. They bear no evidence that they were entered as mere interlocutory orders, subject to future review by the court upon a full hearing when all parties should be before it. . . . If an administrator shall pay money to himself for his own services pending the course of administration, without due hearing upon notice, he must do so at his peril, for the court can enter no orders or judgment that will protect him until the interested parties are before it, or until they have been properly notified. If the court assumes to act in an *ex parte* manner, it can amount to no more than a mere advisory act, and the administrator who pays money to himself in pursuance thereof must do so knowing that the matter cannot be finally and judicially determined until all interested persons are before the court, or until they have been duly notified. The same principle applies to payments made to the administrator's attorney."

Our decision in *In re Doane's Estate*, 64 Wash. 303, 116 Pac. 847, wherein is noticed the question of the finality of orders approving executors' and administrators' accounts upon notice, other than the final account, pending administration, is of interest in this connection. The authorities therein cited and reviewed seem to render it plain that the finality of such orders and their binding effect upon all persons interested depends upon such orders having been made after hearing upon due notice. This rule seems to us of equal force whether the order is made during the course of the administration or at the close of the administration of the trust, and whether in the administration of the estate of a deceased person or in a receivership of an insolvent corporation.

Counsel for appellant, in their brief, ask that we not only set aside and annul the orders appealed from, but also that we determine what compensation the receiver Hammond and his attorneys are entitled to, and also the question of the approval of Hammond's account as receiver, upon the merits, in the light of the record before us; while counsel for respondent ask that we review the case upon the merits and affirm the orders appealed from, or make orders of the same import, should we hold the orders void for want of notice. To so proceed would be, in effect, for this court to determine questions which have never been determined upon due notice by the superior court. This, we think, would be exercising original rather than appellate jurisdiction, and it is difficult to see how the decision of this court, so rendered upon this record, would be any more conclusive against those who were not given an opportunity to be heard in the superior court than the orders made by that court and here sought to be set aside. We are quite clear that we should not now proceed to determine these questions upon the merits,

but that the orders appealed from should be reversed and set aside upon the ground that they were rendered *ex parte* and without notice to those entitled to be heard, and that the question of the amount of compensation Hammond, as receiver, and his attorneys are justly entitled to, and the question of the approval of his account, should be remanded to the trial court for its determination upon notice and the giving of those interested an opportunity to be heard thereon. It is so ordered, and the superior court is directed to proceed accordingly.

We note that appellant has brought here a voluminous record, a large part of which, it seems to us, is unnecessary to the determination of the only question which this court can rightfully determine. We conclude, therefore, that appellant shall recover costs against respondent Hammond in this court for one hundred pages of the transcript prepared at his instance by the clerk of the superior court, and that he shall not recover any costs for the preparation of the statement of facts or the abstract prepared by his counsel. He shall recover other costs as by statute provided.

ELLIS, C. J., FULLERTON, MAIN, and WEBSTER, JJ., concur.