[No. 16912.   Department Two.   January 12, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Farmers State Bank of Kahlotus, Plaintiff,* v. THE SUPERIOR COURT FOR FRANKLIN COUNTY, *John Truax, Judge, Respondent.*[1]

MANDAMUS (4)—TO COURTS—REMEDY BY APPEAL.   The refusal of the trial court to permit suit against a receiver upon matters covered by a show cause order in the receivership proceedings does not entitle the petitioner to a writ of mandate to compel the court to assume jurisdiction, since the parties and the subject-matter are all before the court, and there is a remedy by appeal from any final judgment in the receivership proceedings.

Application filed in the supreme court November 2, 1921, for a writ of mandamus to compel the superior court for Franklin county, Truax, J., to assume jurisdiction of a cause.   Denied.

*Chas. W. Johnson,* for relator.
*E. M. Gibbons,* for respondent.

MAIN, J.—This is an original application in this court for a writ of mandamus.   The relator, the Farmers State Bank of Kahlotus, began an action in the su-

[1]Reported in 203 Pac. 13.

perior court of Franklin county to foreclose certain chattel mortgages which it held upon property owned by one Simon Miller. After the action had been instituted, other actions involving the same property were consolidated with the action of the relator for the purpose of trial. A receiver was appointed to take charge of the property. On the 25th day of March, 1921, the receiver filed what he designated his final report. Prior to this day, a report of his doings as such receiver in the course of the administration of the estate had been filed and approved by the court. To this final report, certain objections were filed. On January 31, 1921, and prior to the final report, the court entered an order decreeing the foreclosure of the relator's mortgages, three in number, and establishing priorities between the relator and other claimants. After the final report was filed, and on April 14, 1921, the court entered an order sustaining the exceptions to it in part and directing that the receiver procure notes, properly secured, following in a general way the plan outlined in the court's memorandum opinion and which should be satisfactory to all parties concerned, and if this were done, the receiver's report would be allowed and approved in all respects except wherein the exceptions were allowed thereto. In the order the court reserved the right to disapprove and disallow any and all sales of property which had theretofore been made in which notes were taken in payment for such property.

On June 14, 1921, the relator presented a petition asking that the receiver be required to appear and show cause why he should not turn over to the relator certain property or the proceeds thereof. This petition was granted and the receiver was allowed two weeks in which to comply therewith. On September 13, 1921, the receiver tendered certain property then

in his possession to the relator. This tender apparently was not accepted, and on September 20, 1921, the relator served a demand upon the receiver for specific property. The matter came on to be heard upon the show cause order and the demand of the relator, and the court heard and considered the evidence offered and ordered that the show cause and demand for specific property be denied for the reason that the matters there involved had been adjudicated in the judgment of January 31, which fixed the rights and priorities of the relator and other parties, and the order of April 14, which approved the receiver's final account, after allowing certain exceptions thereto, and making the directions above referred to. On October 6, 1921, relator petitioned the court for permission to sue the receiver relative to the matters covered in the show cause order and the demand for specific property. The permission sought was denied because, as stated in the court's order, all matters covered by the petition had been previously adjudicated by the orders of April 14 and January 31, respectively. The relator, after this order last referred to was entered, made the application here for a writ of mandamus, seeking to compel the superior court to grant him a hearing upon the demand and show cause order, or, in the alternative, that he be permitted to sue the receiver.

It will be admitted that, if the trial court were refusing to proceed to a final determination of the receivership matter, or if he were refusing to take jurisdiction where such jurisdiction existed, a writ of mandamus is the proper remedy. From the record in this case it does not appear that the receiver, under the direction of the trial court, is not proceeding with reasonable dispatch to close up the affairs of the estate. The relator's principal contention seems to be

that the refusal of the trial court to order a trial upon the matter covered by his show cause order and demand was a refusal to take jurisdiction. This position is not well founded. The parties were all before the court, the subject-matter was before the court, the court had, prior thereto, made orders which it deemed final, and for that reason declined to enter upon another trial of the same issue. From any order that the trial court might enter in the case which finally disposed of the rights of the parties there was an appeal. *Meeker v. Sprague,* 5 Wash. 242, 31 Pac. 628; *Colkett v. Hammond,* 101 Wash. 416, 172 Pac. 548.

The refusal of the trial court to hear and determine the matter covered by the show cause order and the demand was not a refusal to take jurisdiction. If a final judgment has not already been entered disposing of the rights of the relator, a final judgment must of necessity be entered when the receivership is finally closed and terminated.

The writ will be denied.

PARKER, C. J., HOLCOMB, BRIDGES, and HOVEY, JJ., concur.