[No. 20619.  Department One.  May 25, 1927.]

GEORGE F. MOORE, *Plaintiff*, v. SACAJAWEA LUMBER & SHINGLE COMPANY, *Defendant.*

SKOOKUM LUMBER COMPANY, *Intervening Plaintiff-Appellant*, v. T. F. MENTZER, *as Receiver of Sacajawea Lumber & Shingle Company, Respondent.*[1]

[1] APPEAL (58)—FINAL ORDERS—DISTRIBUTING FUNDS AND AC-COUNTING. An order settling a receiver's final account and directing a sale of the assets to pay the cost of administration as a preferred claim, is a final order from which an appeal must be taken within the time provided by law, and cannot be reviewed by appealing from a subsequent judgment purporting to decide the same matter.

[2] COURTS (40)—RULE OF DECISION—CORRECTION IN SAME COURT. After the court has entered an order settling a receiver's final account and directing a sale of the assets to pay the cost of administration as a preferred claim, the court has no power to thereafter readjudicate the same matter in the same case.

Cross-appeals from a judgment of the superior court for Thurston county, Wright, J., entered December 30, 1926, upon findings determining the priority of claims in a receivership proceeding. Dismissed as to appeal of intervener-appellant.

*Vance & Christensen*, for intervener-appellant.
*Troy & Yantis*, for respondent.

MITCHELL, J.—The Skookum Lumber Company (hereinafter called the lumber company) owned a body of timber that it was having cut, the logs being delivered at its saw mill at Tenino. To handle the cedar as the logging operations were carried on, the lumber company entered into a contract in 1916 for twenty years from January 1, 1917, with one Tucker, by which

[1]Reported in 256 Pac. 331.

they leased to him a site for a shingle mill and agreed to furnish and deliver the cedar at the shingle mill to be cut into shingles at an agreed price or division of the output. Tucker's rights under the contract were assigned to the Sacajawea Lumber & Shingle Company (hereinafter called the shingle company) with the consent of the lumber company. The shingle company built a shingle mill and continued operations under the contract until about the first of the year 1924, when it became insolvent. At that time, in addition to other debts, it owed the lumber company $11,554.90 with interest at seven per cent per annum from May 12, 1923, which was secured by a chattel mortgage on all of its shingle mill property. Besides the contract with the lumber company, it owned no other property.

In April, 1924, George F. Moore, a creditor, commenced an action in debt against the shingle company and, alleging its insolvency, asked for the appointment of a receiver. A temporary receiver was appointed, and a few weeks thereafter a permanent receiver was appointed. He qualified, took charge of all the property, and on June 9, 1924, made a written report to the court to that effect and furnished therewith a detailed inventory of the property. It appears that the receiver published notice to creditors, by order of the court, pursuant to which a number of claims were presented to him.

The lumber company, by its duly verified petition, filed on October 31, 1925, reciting the mortgage indebtedness due it against the property and also reciting the outstanding operating contract and lease, as to all of which defaults were claimed, and further alleging that it had never received any personal service or notice of any of the proceedings in the Moore suit or of the receivership therein, asked leave to in-

tervene in the action and set up and protect its rights and interests. Upon leave granted, it filed its complaint in intervention which, by amendment dated May 8, 1925, alleged, in substance, two causes of action, one for the cancellation of the twenty year contract and the other one for the foreclosure of its chattel mortgage. The receiver put the allegations of the amended complaint in intervention in issue by his answer. Thereafter the cause was tried upon the complaint of the original plaintiff and upon the issues between the lumber company and the receiver. At the conclusion of the trial, it appears that the court orally announced a decision as afterwards written and entered, but no judgment was entered at that time.

Upon the oral announcement of the court's views, or within a few days, the receiver filed a duly verified final account and report, and asked that it be heard and disposed of upon notice to interested parties by or before any other final judgment or order was signed and entered in the case. The court adopted that view and procedure, and on the day fixed for hearing the final account and report, the parties, including the lumber company, all appeared and were heard; and on that day an order was signed and entered April 20, 1926, approving, settling and allowing the receiver's account, fixing his compensation and that of his attorneys. The order found and decreed, in effect, that the allowances to the receiver and his attorneys and other expenses of the receivership were first liens on all the assets in the hands of the receiver, to be first paid out of the proceeds of the sale of all of the assets, and that the Skookum Lumber Company's claim is a

"preferred claim by reason of the mortgage upon all of the assets in the hands of the receiver and which takes precedence of all claims except the costs of ad-

ministration allowed the receiver, his attorneys and the watchmen and the taxes and industrial insurance."

The order directed the receiver to sell all the property. This order, as stated above, was entered on April 20, 1926.

Thereafter, on September 29, 1926, the court, without any issue or testimony before it other than those upon which its oral announcement already referred to were made, signed and on September 30, 1926, entered a judgment cancelling the twenty year contract and foreclosing the chattel mortgage for principal, interest and attorneys' fees, together with other costs. The judgment recites, among other things,—

"that the expenses of the receivership as appears from the records in the case in the proximate sum of $5,257.03 are a proper charge against the mortgaged property and shall be first satisfied before any payment shall be made to the intervening plaintiff, mortgagee, upon the foreclosure sale".

To this portion of the judgment, the receiver filed and presented to the court written exceptions, for the reason that, on April 20, 1926, an order had been entered in the case adjudging the rights of the receiver in respect to the assets of the shingle company, which order was on file and of record in the case and is *res adjudicata* of such matter. The written exceptions were presented to and allowed by the trial court at the time the judgment was signed, and were filed prior to the filing of the judgment. The lumber company, by notice dated December 20, 1926, has appealed from that portion of the foreclosure judgment just referred to. The receiver has cross-appealed from the same provision in that judgment, claiming that the court erred in attempting or purporting to readjudicate a matter already covered in a former final order in the same case.

[1]   The receiver has moved to dismiss the lumber company's appeal on the ground that the matter complained of was finally and fully determined in favor of the receiver and against the lumber company by the order and judgment of April 20, 1926, from which no appeal was taken within ninety days or at all. This contention, whether viewed in its own light or that of the receiver's cross-appeal, must prevail. The contention is important, because it is evident, indeed counsel on both sides admit and argue, that all the assets in the hands of the receiver are not more than sufficient to pay the charges and expenses of the receivership. The record shows a receiver's sale has been made of all the assets, with nothing left to apply on the mortgagee's or appellant's judgment debt.

In *Thompson v. Huron Lumber Co.,* 5 Wash. 527, 32 Pac. 536, an order fixing a receiver's compensation was held to be a final order so far as the amount allowed was involved from which an appeal would lie. The rule was followed in *Slater v. Stevens County Bank,* 12 Wash. 488, 41 Pac. 168, with reference to an order fixing compensation for the services of an assignee. In *Chandler v. Cushing-Young Shingle Co.,* 13 Wash. 89, 42 Pac. 548, an order settling and disposing of the receiver's final account was held to be an appealable order. Other cases to the same effect are *In re Hill's Heirs,* 7 Wash. 421, 35 Pac. 131, and *Wilbur v. Wilbur,* 17 Wash. 683, 50 Pac. 589. In the present case, the order of April 20, 1926, approved and settled the receiver's account in specified amounts and directed the receiver to sell the property and first pay those amounts out of the proceeds of the sale. That the matter should not be misunderstood, it was further provided that the lumber company's mortgage was a preferred claim on all the assets and takes ''precedence of all claims except the costs of admin-

istration allowed the receiver, his attorneys and watchmen, etc.'' That was an adjudication of the rank of the claims that the lumber company's mortgage claim was inferior to the claims and expenses of the receivership. That is precisely what the lumber company is now complaining of, though it took no appeal from the order or judgment in this cause which first declared and determined those things, and which order we think was final under our statute relating to appeals. The lumber company was bound by the order. It took a part in the proceedings and hearing that resulted in the order and was present when the order was made. The order so recites.

[2] That determination became conclusive of those matters and thereafter the court was without right to attempt to readjudicate in the same case things not at all different or distinct, but the same as those theretofore adjudged and determined. *Detroit v. Village of Highland Park*, 186 Mich. 166, 152 N. W. 1002, Ann. Cas. 1917E 297; 34 C. J., Judgments, p. 752.

The lumber company's appeal is dismissed. The receiver's cross-appeal requires no further notice.

MACKINTOSH, C. J., MAIN, and FRENCH, JJ., concur.