[No. 27314. Department Two. May 16, 1939.]

CHARLES STEELE et al., Appellants, v. PUGET SOUND REALTY ASSOCIATES et al., Defendants, E. B. HOLMES, as Receiver, Respondent.[1]

Earle C. Lassen, for appellants.

Wettrick, Flood & O'Brien and Clarence A. Lirhus, for respondent.

GERAGHTY, J.—This appeal is from an order approving the final account of a receiver, allowing compensa-

[1]Reported in 90 P. (2d) 721.

tion for his services and the services of his attorneys, and closing the trust.

The appellants, having obtained a judgment for $36,034.57 against the Puget Sound Realty Associates, a corporation, petitioned the superior court for appointment of a receiver for the corporation. The respondent was appointed temporary receiver May 17, 1932; the appointment was made permanent May 23rd.

October 8, 1932, the receiver made a report to the court, setting forth the assets of the corporation and reciting that a large part of the personal property coming under his control consisted of restaurant furniture, fixtures, and equipment, which had been sold for one thousand dollars; and that the remaining personal property consisted of a small amount of office furniture of the probable value of one hundred dollars. The accounts receivable consisted of a claim against E. S. Goodwin, former president of the corporation, in a sum in excess of forty thousand dollars. The report showed that the corporation held a ninety-nine-year lease on a plot of land in block 1, A. A. Denny's Fifth Addition, and the fee title to a lot in block 14, Boren's Addition, in the city of Seattle, encumbered by a mortgage for upwards of forty-eight thousand dollars. The receiver requested instructions in respect to the disposition of the ninety-nine-year lease and asked allowances to himself and his attorneys.

October 14th, the court entered an order approving the receiver's account of receipts and expenditures, and allowed him five hundred dollars as compensation for his services and a like amount as compensation for his attorneys. So far as the record discloses, no notice of the application for this allowance was given to the creditors nor to their attorneys.

January 11, 1933, the receiver filed a petition for a further allowance of $100 to himself and $250 to his

attorneys. The petition referred to an adjustment which had been made with Goodwin and to some litigation pending in court. The court files show that copies of this petition were served upon the attorney for the appellants and upon Stratton and Kane, attorneys for the other principal creditor of the corporation. The requested allowances were made by the court.

June 20th, the receiver reported to the court that he had disposed of all the physical assets of the corporation and had on hand cash in the sum of $1,749.14. He requested a further allowance of $400 to himself, a like sum for his attorneys, and that $750 be distributed to the creditors. There is attached to the petition an exhibit setting forth schedules of the receipts and disbursements and enumerating the several amounts paid for fees to the receiver and his attorneys pursuant to prior orders of the court. The court entered an order allowing the fees petitioned for and directed the distribution of $750 ratably to creditors. The approval of the attorney of record for appellants was endorsed upon the order. It also appears that notice of the application for this order was served upon the attorneys for the creditors.

The receiver filed his final account March 30, 1938, showing that one hundred dollars had been received since the report of June 20, 1933; and

"That on June 20, 1933, your petitioner disposed of all of the assets of the defendant corporation, save and except a certain promissory note of E. S. Goodwin payable to your petitioner as receiver in the sum of $45,000, which was given in settlement of a claim of the defendant corporation against said E. S. Goodwin; that as a part of the negotiations of said E. S. Goodwin it was agreed that said E. S. Goodwin should form a corporation to be known as the Seattle & Town Properties, Inc., to which said corporation should be deeded certain real property in King County, Washington,

subject to all encumbrances against such property, and that the Seattle & Town Properties, Inc., should hold said property as security for said note, and that your petitioner should act as secretary of said corporation; that under said agreement your petitioner's attorneys, McBurney & O'Brien, prepared the articles of incorporation for said Seattle & Town Properties, Inc., and caused same to be incorporated, for which your petitioner's attorneys received no compensation; that among the properties received was one tract of real estate which the above entitled court authorized your petitioner to quit-claim in consideration of $100, which said sum of $100 was received by your petitioner, and is set forth in the statement of receipts hereto attached; that as to the balance of said real property, being certain lots in an addition known as Victory Heights Addition to King County, your petitioner and his attorneys have made extensive effort to sell said lots but were unable so to do; that said lots were encumbered by a mortgage in the amount of several thousand dollars, as more fully appears from the report of your petitioner filed herein on the 29th day of January, 1936, and report filed herein on June 15, 1937; that your petitioner and his attorneys were unable to procure a release of the mortgage on said lots, as more fully detailed in the report of your petitioner as receiver filed herein on June 15, 1937, with the result that the remaining lots owned by the Seattle & Town Properties, Inc., passed to King County, Washington, by reason of a tax deed upon foreclosure; that there is no possibility of realizing any money from said property."

The petition further recited the death of Goodwin, the filing of a claim against his estate, and that the net value of the estate proved to be only approximately fifteen hundred dollars, which was set over to his widow in lieu of a homestead. The petition prayed that the balance on hand, $259.14, be allowed to the receiver and his attorneys as additional compensation.

The appellants filed objections to the allowance of any additional fees, as well as to the allowance of

fees already paid pursuant to prior orders of the court. In the course of the hearing had upon the petition and objections, the court ruled that the appellants were foreclosed from challenging the allowances made by the order of June 20, 1933, as well as by the earlier orders, and limited the issue to the reasonableness of the allowances prayed for in the pending petition. June 6, 1938, the court made the order appealed from allowing the balance on hand to the receiver and his attorneys for services rendered subsequent to June 20, 1933.

The court correctly ruled that the appellants could not challenge the prior allowances at the hearing on the final account. Each of the three earlier orders allowing fees was appealable.

"While this is a proceeding in the original action, yet we are of the opinion that it is a distinct proceeding in itself, and that the order made with reference to the compensation of the receiver is a final one in so far as the amount allowed is involved. This precise point was decided in the case of *Trustees v. Greenough,* 105 U. S. 527, in which such an allowance was held a final determination of a particular matter, and though it was incidental to the cause, that the enquiry was a collateral one, having a distinct and independent character, and was held to be appealable." *Tompson v. Huron Lumber Co.,* 5 Wash. 527, 32 Pac. 536.

See, also, *In re Sullivan's Estate,* 36 Wash. 217, 78 Pac. 945; *In re Doane's Estate,* 64 Wash. 303, 116 Pac. 847; *Colkett v. Hammond,* 101 Wash. 416, 172 Pac. 548.

In *In re Doane's Estate,* the court quoted with approval from *In re Prentice,* 25 App. Div. 209, 49 N. Y. Supp. 353, as follows:

" 'That the accounting may be an intermediate one, in the sense that the estate is not now finally distributed, does not affect the final character of the decree. It terminated the proceeding, and, so far as it determined any question raised upon the accounting, it is

conclusive upon the parties interested and who were cited until reversed upon appeal.' "

As we have already said, the record does not disclose any notice to the appellants or other creditors or their attorneys of the application for the first allowance of five hundred dollars. The record discloses that a copy of the application for the second allowances was served upon the attorney for appellants, but does not disclose any notice of the time of hearing. However, these two allowances were listed in the statement of expenditures made by the receiver in his petition for the additional fees allowed by the court order of June 20, 1933, bearing an endorsement of the approval of the attorney for the appellants. Whether or not appellants were notified of the two earlier orders, they are concluded by their approval of the order of June 20th made by the court upon a consideration of the whole record in the proceeding.

In passing upon the allowance of fees made in the order approving the final account, we are to bear in mind the general rule that, where the court by which the receiver was appointed has fixed his compensation after the hearing of testimony, and the allowance made is warranted by the testimony adduced and appears to be reasonable, the exercise of the court's discretion will not be interfered with by the appellate tribunal. *Chandler v. Cushing-Young Shingle Co.*, 13 Wash. 89, 42 Pac. 548.

In the present case, the amount realized by the creditors was negligible, and, if the compensation to the receiver and his attorneys was to be measured by the amount of cash received and disbursed, the fees allowed would be unreasonable. But, in passing upon the reasonableness of the allowances, it is to be borne in mind that the insolvent corporation had equities in relatively large properties, out of which it was hoped

a substantial amount could be salvaged by management. The receiver was appointed on the application of the appellants, and, so far as the record discloses, did the best he could. It was through no fault of his that the properties were lost. In so far as funds were available, he and his attorneys were entitled, at least, to moderate compensation for services rendered.

The final allowance to each of them was $129.57 for services rendered subsequent to the allowance of June 20, 1933. During this period, there remained to be disposed of only the claim against Goodwin. The receiver testified that it was his hope that ten or fifteen thousand dollars would be salvaged from the town lots which were taken over under the arrangement had with Goodwin. These lots, however, were subject to encumbrances and delinquent taxes and were ultimately lost through no fault of the receiver. It cannot be said, in view of the circumstances, that the final small allowances, which were the only ones properly before the trial court, were unreasonable.

The order is affirmed.

BEALS, MILLARD, and SIMPSON, JJ., concur.

BLAKE, C. J., dissents.